THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM HANLEY, Plaintiff in Error.

*Opinion filed April 24, 1925.*

1. CRIMINAL LAW—*what testimony is not incompetent as tending to show another offense.* In a prosecution for robbery with a gun, testimony of a witness that he saw the defendants together a few hours after the robbery and that one of them had a gun similar to the one introduced in evidence on the trial is admissible in rebuttal of testimony of the defendants that they were not together at the time and of the testimony of one of the defendants that he had no gun, and such evidence is not incompetent as tending to show another offense.

2. SAME—*when statements in presence of accused are not admissible.* Failure of accused to deny statements made in his presence does not amount to an admission of the truth of the statements where the statements are made under such circumstances that the accused is not in a position to deny them, or where his silence is of a character which does not justify the inference that he should have spoken, or where he is restrained by fear, doubt of his rights, instruction of his attorney, or reasonable belief that his security is best promoted by silence, and in such cases the statements are not admissible in evidence against the accused.

3. SAME—*when admission may be implied from silence of accused.* An admission may be implied from the conduct of a party charged with crime in remaining silent when he is implicated by statements of third persons made in his presence, where the circumstances allow an opportunity to speak in reply and where a man similarly situated would ordinarily deny the imputation of guilt.

4. SAME—*when, only, is a confession admissible against a co-defendant.* A confession of one defendant cannot be admitted

against his co-defendant unless it was made in the presence of the latter under circumstances which allow an opportunity to speak in reply or to make a denial of the imputation of guilt and no reply or denial was made.

5. SAME—*what statement of defendant at time of confession of his companion is sufficient denial—review.* Where one of several persons accused of robbery makes a confession to police officers in the presence of his companions, a statement of one of the accused that the party making the confession had better keep still, and that "it will take twelve men to try me," is a sufficient denial to render the confession inadmissible against him; but the error in admitting it against him will not require a reversal where it was admissible against his co-defendant and the evidence clearly shows the guilt of both.

DeYOUNG, J., took no part.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. FREDERIC R. DeYOUNG, Judge, presiding.

O'BRIEN, PRYSTALSKI & OWEN, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, ROBERT E. CROWE, State's Attorney, and JAMES B. SEARCY, (EDWARD E. WILSON, and CLARENCE E. NELSON, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error, William Hanley, and Andrew Stahle and Harry Anderson, were indicted for the robbery of Albert Novak with a gun. A separate trial was granted to Anderson, and Hanley and Stahle were found guilty of robbery with a gun, in manner and form as charged in the indictment. Hanley and Stahle were found to be of the ages of twenty and nineteen years, respectively. Both were sentenced to the State reformatory at Pontiac, and Hanley brings the cause here for review.

Testimony of the complaining witness, Albert Novak, and of Leo Kupferschmidt, was to the effect that on the night of July 13, 1923, they were driving along the streets

of Chicago in an automobile. On Cortland street they
passed a car near the curb with a number of young men
standing around it. One of them stepped out and held up
his hand. Novak and Kupferschmidt drew near the curb
and slowed down. Plaintiff in error jumped on the running-
board of the car and pointed a gun at the witnesses and
made them get out of the car, afterwards ordering them
back into its rear seat. Two other young men got into the
car with them. They took three dollars from Kupferschmidt
and eight dollars from Novak and told them to get out of
the car and they would later telephone them as to where
the car was. Both Novak and Kupferschmidt identified
plaintiff in error as being one of the robbers, and testified
that he had a gun in his hand, which he held on them. They
both testified that they later recognized him at the police
station. Their identification was positive and unequivocal.

Anderson, who was jointly indicted with plaintiff in er-
ror but not then on trial, testified that he was one of four
men who held up Novak and Kupferschmidt. He told sub-
stantially the same story as to the hold-up. He testified
that he, plaintiff in error, Stahle and a young man named
McMahon were in the hold-up. The last named was not
indicted. Anderson also testified that he was present at a
conversation between the police, Stahle and plaintiff in er-
ror; that witness there told the story of the hold-up; that
Stahle said they might as well tell everything as witness had
"squawked," but that plaintiff in error said to keep still,—
that he wasn't going to say anything. This conversation
was also testified to by Jensen, a member of the police force.
Anderson testified that Novak and Kupferschmidt were
present when this conversation was had between Stahle
and the police, in the presence of plaintiff in error. In
this he is contradicted, however, by Jensen, Novak and
Kupferschmidt.

The defendants took the stand and testified that they
were not in that neighborhood at the time of the robbery.

Stahle testified that he, was not in the company of plaintiff in error on the night of the 13th and 14th, and the latter testified to a like effect, also that he did not have a gun and never carried one. On rebuttal the People called Joseph Oesterle, who testified that shortly after twelve o'clock on the morning of July 14 he saw plaintiff in error and Stahle together, and that plaintiff in error had a gun similar to the one introduced in evidence on the trial.

The only ground upon which reversal is sought in this case is the introduction of incompetent testimony, it being urged that it was incompetent to admit the statement of Anderson made in the presence of plaintiff in error when the latter said he would say nothing, and that his statement was not an implied admission or confession. It is also contended that Oesterle's testimony was incompetent, as it tended to establish a separate and distinct crime. Concerning the latter objection, it is sufficient to say that both Stahle and plaintiff in error having testified that they were not together on the night of July 13 and 14, and the latter having testified that he never carried a gun, the testimony of Oesterle was competent both for the purpose of showing that the two defendants were together on the night in question and as contradicting plaintiff in error's statement that he never carried a gun.

It is said that testimony concerning the statement of Anderson, made in the presence of police officers and plaintiff in error, is incompetent. The rule is that where statements are made in the presence of the accused under such circumstances that he is not in a position to deny them, or if his silence is of a character which does not justify the inference that he should have spoken, or if he is restrained in any way from speaking by fear, doubt of his rights, instruction by his attorney, or reasonable belief that his security would be best promoted by silence, his silence does not amount to an admission of the truth of the statements made and such statements are not admissible as against the

accused. (*Slattery* v. *People*, 76 Ill. 217; *People* v. *Pfanschmidt*, 262 id. 411; *People* v. *Seff*, 296 id. 120.) An acquiescence may be implied from the conduct of a party charged with crime in remaining silent when he is implicated by statements of third persons made in his presence under circumstances which allow an opportunity to him to speak in reply and where a man similarly situated would ordinarily deny the statements imputing guilt. (*Ackerson* v. *People*, 124 Ill. 563; *Watt* v. *People*, 126 id. 9; *People* v. *Hagenow*, 236 id. 514; *People* v. *Nitti*, 312 id. 73.) A confession of one defendant cannot be admitted against his codefendant unless made in the presence of the latter under the circumstances here referred to. The only statements made by plaintiff in error were the one admonishing Stahle to keep still, and one in answer to a question put to him as to whether or not Anderson's statement was true, plaintiff in error saying, "It will take twelve men to try me." These statements rendered Anderson's statement incompetent as to him. It was, however, competent as against Stahle, who, according to the testimony of Anderson and the police officer, said, "We might as well tell the whole thing, as the Swede has squawked." This record, however, shows the guilt of both defendants so clearly that it cannot be said that without this statement of Anderson the verdict might have been different as to plaintiff in error. The identification of plaintiff in error by Novak and Kupferschmidt is positive. There is nothing in the record tending in any way to impeach their testimony except the statement of plaintiff in error that he was not there. In this he is not in any way corroborated and offers no witnesses to support his statement of alibi.

The judgment of the criminal court of Cook county is affirmed.                                    *Judgment affirmed.*

Mr. JUSTICE DEYOUNG took no part in this decision.