(No. 24319.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN KOZLOWSKI, Plaintiff in Error.

*Opinion filed February 16, 1938.*

SHAW, J., specially concurring.

EMMET F. BYRNE, (CLYDE C. FISHER, of counsel,) for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, BLAIR L. VARNES, MELVIN S. REMBE, and RICHARD B. AUSTIN, of counsel,) for the People.

Mr. CHIEF JUSTICE FARTHING delivered the opinion of the court:

A jury in the criminal court of Cook county found John Kozlowski and Walter Boreman guilty of robbery while armed with a gun. Kozlowski has sued out this writ of error to review the judgment of conviction and sentence. Elmer Swanson, who was indicted with them, was granted a separate trial and entered a plea of guilty. This defendant also moved for a severance for the reasons that his two co-defendants were charged with being habitual criminals, and that the respective defenses were antagonistic. He also claimed that the other two had made statements tending to incriminate him, and that he could not receive a fair trial unless tried alone. This motion was denied and the ruling is assigned as error.

It is shown by the People's evidence that on September 26, 1936, shortly after 2:00 o'clock in the afternoon, four men armed with guns went into a tavern belonging to William B. Fenton at 900 West Fifty-ninth street, in Chicago, and herded the proprietor, customers and employees into a back room. One robber took $40 from a drawer. A police sergeant who was in the tavern when the robbers entered, shot and killed the fourth robber, Irwin King. After an exchange of shots, the other three escaped. Two hours later they were together on the street and were arrested.

Two loaded guns were found on Swanson, one of which contained one exploded shell. Fenton's bartender, Zable, who had custody of the $40 taken, identified Boreman as one of the robbers. Fenton identified Kozlowski and said he was one of the men who did the shooting.

As to Kozlowski's motion for a severance; generally, where several are indicted jointly, they should be tried together and unless an abuse of discretion is shown a refusal to grant a separate trial is not error. (*People* v. *Patris,* 360 Ill. 596.) There is no merit in the contention that he had a right to a separate trial because the others were charged as habitual criminals. Boreman's defense was not antagonistic to that of this defendant and as we have above pointed out, Swanson was granted a severance. The court properly overruled Kozlowski's motion.

In a preliminary hearing, outside the presence of the jury, officer O'Halloran was the only witness called for the People. He said that officers White and Steffen were present when he questioned Swanson. The questions and answers were taken down in typewriting. They amounted to a complete confession which Swanson then signed. Later, Boreman and Kozlowski were brought in. Previous to this both had steadfastly denied participation in the robbery. O'Halloran said that he read Swanson's confession to Boreman and Kozlowski and asked them if it was true. He also said he asked each of them some of the questions contained in the confession. Although he testified that Boreman answered one or two questions in the negative, he said that Kozlowski made no reply.

Boreman and Kozlowski testified at this hearing. They said Kozlowski was ordered to keep his "damned mouth shut;" that he was slapped and kicked by officer White when he said Swanson's statements were untrue and that Swanson was crazy if he said Kozlowski was one of the robbers. Both of these defendants testified that they repeated their denials during this questioning. In spite of this,

the court overruled objections to the testimony as to the silence of defendants thus accused of the crime, and not only admitted this testimony by O'Halloran but also permitted officers White and Steffen to give similar testimony and Swanson's confession was also admitted in evidence.

In *People* v. *Hanley*, 317 Ill. 39, 42, we said that where charges against him are made in the presence of an accused person under circumstances such that he is in no position to deny them, or if his silence is of such a character that it does not justify the inference that he should have spoken, or if in any way he is restrained from speaking either by fear, doubt of his rights, instructions given him by his attorney or a reasonable belief that it would be better or safer for him if he kept silent, his standing mute does not amount to an admission of the charges against him. Under those conditions, the statements themselves, and the fact that the accused. kept silent are not admissible in evidence, citing *Slattery* v. *People,* 76 Ill. 217; *People* v. *Pfanschmidt,* 262 id. 411; *People* v. *Seff,* 296 id. 120. If the circumstances do allow the accused to speak and if they show that the ordinary person thus situated would naturally deny the accusations made against him, his silence and the accusatory statement may be received in evidence, for silence under such circumstances amounts to an admission against interest, (*People* v. *Hanley, supra,* p. 43; *Watt* v. *People,* 126 Ill. 9; *People* v. *Hagenow,* 236 id. 514; *People* v. *Nitti,* 312 id. 73;) but in the *Hanley case,* and in *People* v. *Vehon,* 340 Ill. 511, 518, we held that a confession of a co-defendant is not admissible against the accused unless the latter was present when the confession was made. In the *Vehon case* we cited, in support of this proposition, *People* v. *Hanley, supra; People* v. *Young,* 316 Ill. 508; *People* v. *Damico,* 309 id. 577; *People* v. *Evertson,* 310 id. 397; *People* v. *Buckminster,* 274 id. 435; *People* v. *Melnick,* 263 id. 24, and *People* v. *Carmichael,* 314 id. 460. Thus, in the *Vehon case,* at page 518, we said: "Such an admission

is not admissible here to convict Vehon, as a confession or admission against interest by a co-conspirator or co-defendant is clearly inadmissible against a defendant who was not present when such confession or admission was made."

It was held in *State* v. *Epstein*, 25 R. I. 131, 55 Atl. 204, that the maxim *"Qui tacet, consentire videtur"* applies only where acquiescence can be presumed, and that such a presumption can arise only where the circumstances afford the accused an opportunity to speak and are such that they naturally call for a reply or a denial from men similarly situated.

In *People* v. *Pfanschmidt, supra,* page 449, we quoted with approval from *Brown* v. *Walker*, 161 U. S. 591, as follows: "If an accused person be asked to explain his apparent connection with a crime under investigation, the ease with which the questions put to him may assume an inquisitorial character, the temptation to press the witness unduly, to browbeat him if he be timid or reluctant, to push him into a corner, and to entrap him into fatal contradictions, which is so painfully evident in many of the earlier State trials, * * * made the system so odious as to give rise to a demand for total abolition. * * * So deeply did the iniquities of the ancient system impress themselves upon the minds of the American colonists that the States with one accord made a denial of the right to question an accused person a part of their fundamental law, so that a maxim which in England was a mere rule of evidence became clothed in this country with the impregnability of a constitutional enactment."

In *People* v. *Nitti*, 312 Ill. 73, and *People* v. *Blumenfeld*, 330 id. 474, 491, we said that the United States and the Illinois constitutions guarantee to every person accused of crime the privilege to remain silent. Furthermore, for three quarters of a century our Criminal Code has provided that the failure of a defendant in a criminal prosecution to testify, shall not create any presumption against him. We

pointed out that if proof of silence under accusation is, of itself, sufficient to justify a conviction of crime, then the provision of the Criminal Code which denies to the prosecution the right to comment on the fact that a defendant has not testified, is not based on reason.

While it is true that the crystallization of human experience shows it is contrary to men's habits and nature to permit accusatory statements to go unchallenged unless the accused person is repressed by the appalling fact that the statement is true, yet, testimony as to silence of an accused person is merely some evidence from which the jury may draw an inference that the accused acquiesced therein. The circumstances surrounding the accused at and before the accusation was made must show that he was afforded an opportunity to enter a denial or objection. If men similarly situated would not have felt at liberty to deny such statements or have felt called on to do so, in the event that they did not intend to express assent or acquiescence by their failure to respond, neither the statements nor the fact of silence are admissible in evidence. Although we have never held that the mere fact the accused was under arrest or in custody constituted a sufficient restraint to make the accusatory statement and his silence not admissible in evidence, (80 A. L. R. 1235,) yet we have cited with approval the decisions of other jurisdictions containing this very holding in stating the rule which governs in our State. For example we cited *Commonwealth* v. *Kenny,* 53 Mass. 235, in *People* v. *Pfanschmidt, supra.* At the very least, the fact of custody must be taken into account when the question of admissibility is being considered.

In *People* v. *Hanley, supra,* there was no threat nor violence and the accused had not been advised by his attorney to remain silent. At page 43 we pointed out that all that Hanley did was to answer the question as to whether Anderson's confession which implicated him was true, by saying, "It will take twelve men to try me," and to tell his

co-defendant, Stahle, to keep still. Thus it appears he made no actual denial of his guilt. We relied on our holding in *People* v. *Nitti, supra,* wherein we reviewed the authorities at length and pointed out the marked difference between a confession and an admission against interest, and held that Anderson's confession should not have been admitted in evidence against Hanley. We held it error to admit testimony showing that Hanley had failed to deny the various charges made against him but kept silent.

In the case before us the testimony given in the preliminary hearing was such that the court should have sustained the objections. Neither Swanson's confession nor testimony as to Kozlowski's silence was admissible in evidence. Boreman and Kozlowski testified that they made continued denials of guilt and they are corroborated in this, to some extent, by officer O'Halloran. They also testified that violence was used against Kozlowski. These are not the circumstances that are required to be shown if a tacit admission is to be made the subject of testimony against an accused person. The custody, threats, commands to keep silent and acts of violence had no tendency to show an acquiescence in any accusation of guilt. Nor did they show any "act of mind" on the part of Kozlowski such as is required in the rule as stated in the *Nitti case, supra,* at page 91.

It is not necessary to consider the points made as to instructions, for the reason that those criticized refer to the confession and the alleged admission by silence.

We express no opinion as to the guilt of Kozlowski. For the errors enumerated, the judgment of the criminal court of Cook county is reversed and the cause is remanded for a new trial. *Reversed and remanded.*

Mr. JUSTICE SHAW, specially concurring: I agree with the result reached in this opinion but not with all that is said therein.