(No. 25061.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* AL LEVING, Plaintiff in Error.

*Opinion filed April 17, 1939—Rehearing denied June 13, 1939.*

HAROLD L. LEVY, (EDWARD M. KEATING, of counsel,) for plaintiff in error.

JOHN E. CASSIDY, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and BLAIR L. VARNES, of counsel,) for the People.

Mr. CHIEF JUSTICE SHAW delivered the opinion of the court:

Plaintiff in error, Al Leving, was jointly indicted with Joseph Levin for robbery while armed, and, on a joint trial in the criminal court of Cook county the jury disagreed as to Levin but found Leving guilty. On that verdict judgment was entered and he was sentenced to the penitentiary. He sues out this writ of error to review that judgment.

The evidence shows that on the afternoon of January 28, 1939, a tavern owned by Adolph Shultz, located on the south side of Chicago, was held up by three men who wore handkerchiefs over their faces and carried pistols. In the tavern at the time were three customers, the owner, and his daughter, Lillian Shultz. These persons were all forced into the kitchen and about $40 was taken from the premises. As the robbers drove away from the place Lillian Shultz noted the license number of their car. The police traced this license number and found the car belonged to an automobile rental agency. The officers went to the agency and arrested the plaintiff in error when he drove in with the car. At the police station he was searched and from him was taken, with some other money, a one-dollar bill which was torn and had been patched with a piece of yellow paper. This bill was one that had been taken from Shultz during the robbery and it had been patched by him several days before. After plaintiff in error's picture had been picked out of a group by Lillian Shultz and he had been identified as one of the robbers both by her and her father, he made

a statement in the presence of four police officers admitting the crime. His statement, which was admitted in evidence, was taken down by one of the officers but plaintiff in error refused to sign it. His picture, which had been picked out by Lillian Shultz, was also admitted in evidence. There was also taken from him a toy pistol and a white handkerchief with a blue border. These were identified by Shultz as the pistol and the handkerchief used by plaintiff in error during the robbery. Plaintiff in error denied all knowledge of the robbery, or that he made any statement to the police concerning the crime. He claimed that on that afternoon he was with his girl and a man named Yeager and he did not know where he got the torn dollar-bill.

Plaintiff in error contends that (1) it was error to admit his confession; (2) that the jury was improperly instructed, and (3) that the evidence is of such unsatisfactory character as to leave a grave and serious doubt of his guilt.

Where the People propose to prove a confession of guilt, if no objection is made it will be admitted. If the defendant denies that he made any confession, proof must be made by the People that the confession was in fact made by the defendant, but no preliminary evidence is required of its competency. (*People* v. *Hegovic,* 348 Ill. 58.) Such is the case here. The plaintiff in error denied making any confession but the officer who reduced it to writing testified that he did. There was no objection that it was wrung from him by hope, fear, torture or violence.

The first instruction objected to by plaintiff in error attempts to define reasonable doubt, as "reasonable doubt, referred to in these instructions, is such that were the same kind of a doubt interposed in the graver transactions of life it would cause a reasonable and prudent man to hesitate and pause." While we have repeatedly criticized the practice of over-emphasizing the term "reasonable doubt" by giving instructions defining it, we have not in any case, where the evidence was as clear as it is in this case, deemed the

error one of sufficient importance to require a reversal of the judgment. *People* v. *Makovicki,* 316 Ill. 407.

Instruction number six given by the People told the jury that before the defendant can avail himself of the defense of an alibi the proof must cover the whole of the time of the commission of the crime and must be supported by such facts and circumstances in evidence, as are sufficient, when considered in connection with all the other evidence in the case, to create in the minds of the jury a reasonable doubt of the truth of the charge against the defendant. This instruction was approved by us in *People* v. *Thompson,* 321 Ill. 594.

The third instruction objected to is: "The exclusive possession, shortly after the commission of a larceny, robbery or burglary, of stolen property, the proceeds of the crime, if unexplained, may of itself raise an inference of guilt of the person having such possession, sufficient to authorize a conviction in the absence of any other evidence or facts or circumstances in evidence which leave in the mind of the jury a reasonable doubt as to the guilt of such person." It is contended that this instruction was condemned in *People* v. *Sanders,* 357 Ill. 610. The instruction condemned in that case was broader than this one we are considering. It required that the person in whose possession the property was found should *overcome* the inference of guilt by explanation. This would necessarily shift the burden of proof to the defendant and the burden of proof never shifts in a criminal case. The instruction in the *Sanders case* was subject to the further objections of being repetitive in substance and argumentative in form. The instruction given in the present case is not subject to those objections and correctly states the law.

Plaintiff in error also complains that the court refused to give certain instructions tendered by him. We have examined these instructions along with those given at his request and find that the jury was fully and fairly instructed

452

and the refusal of the court to give these tendered instructions was not prejudicial to him.

As to the facts of the case the important point is the identification of the plaintiff in error. He was identified by both Shultz and his daughter. This identification, together with his possession of the car that was at the scene of the robbery, the imitation pistol, the torn bill and the white handkerchief with the blue border, were all facts for the jury to consider. (*People* v. *Manfucci,* 359 Ill. 69.) Where no prejudicial error of law appears in the record, this court will not reverse a judgment of conviction where it does not appear that the verdict is palpably contrary to the weight of the evidence or that the evidence is so unreasonable, improbable or unsatisfactory as to justify a reasonable doubt of the defendant's guilt. *People* v. *Kelley,* 367 Ill. 318.

A review of the evidence leaves no reasonable doubt of the defendant's guilt and the judgment of the criminial court of Cook county is affirmed.

*Judgment affirmed.*