(No. 38988.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES JOHNSON, Plaintiff in Error.

*Opinion filed March 24, 1966.*

WILLIAM ROBINSON FISHMAN, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and KENNETH L. GILLIS, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

James Johnson and Victor Morgan were found guilty of theft in a bench trial in the criminal court of Cook County. Johnson was sentenced to the penitentiary for a term of 4 to 8 years and he seeks a review of his conviction.

Two Chicago Transit Authority police officers testified that about 3:15 A.M. on August 10, 1963, they observed defendant and Morgan standing on the elevated platform at 63rd and Stony Island. A train was waiting at the station with two passengers asleep in the first car. Defendant entered the car and took a paper bag from one passenger, Arnold Potts, returned to the platform and asked one of the officers, who was in casual clothes, to watch the package.

He re-entered the train and took money from Donald Laurie, the other passenger. Morgan entered the train and took money from Potts's pocket. Defendant and Morgan were then arrested.

Defendant and Morgan denied that they took anything from Potts or Laurie. They also denied knowing each other.

Indictment 63-2457 charged defendant and Morgan with theft from Potts and indictment 63-2458 charged them with theft from Laurie. This conviction is based on indictment 63-2457. Defendant received two copies of indictment 63-2458 but did not receive a copy of indictment 63-2457. He contends this was a deprivation of due process of law in that he did not receive proper notice of the crime with which he is charged or an opportunity to prepare his defense.

Defendant was arraigned on September 24, 1963, at which time both indictments were mentioned. His attorney waived formal reading of both indictments and entered pleas of not guilty. On October 10 defendant answered ready but the case was continued to October 21 on motion of the State's Attorney. On October 21 the People indicated they would proceed on indictment 63-2457. Defendant's attorney told the court defendant had not been furnished with a copy of 63-2457, but he did not claim surprise or ask for additional time to prepare his defense.

An accused, of course, has the constitutional right to demand (Ill. Const. Art. II, sec. 9) or be informed (U.S. Const. Amend. VI) of the nature and cause of the accusation against him. The constitutional provision requires that before a defendant can be put on trial there be a formal written accusation setting forth the crime with clearness and all necessary certainty to apprise the defendant of the crime with which he stands charged in order that he may intelligently prepare his defense and plead the judgment in bar of a subsequent prosecution for the same offense. (See *People* v. *Peters,* 10 Ill.2d 577; *United States* v. *Cruikshank,* 92

U.S. 542, 23 L. Ed. 588.) It is not argued that there was a failure to comply with this constitutional requirement as to the form of the charge. (See Ill. Rev. Stat. 1963, chap. 38, par. 111—3.) Rather the question is whether the defendant knew of the indictment.

One of the purposes of the arraignment is to inform the accused of the formal written accusation against him in a formal manner. Section 113—4 of the Code of Criminal Procedure provides that "When called upon to plead at arraignment the defendant shall be furnished with a copy of the charge  *  *  *." As early as 1881 it was held that furnishing the accused with a copy of the indictment sufficiently informed him of the charge and was equivalent to the common-law practice of reading the indictment. (*Fitzpatrick* v. *People,* 98 Ill. 259.) In *People* v. *Pennington,* 267 Ill. 45, this court held, however, that the accused must demand a copy of the indictment of which he had knowledge before he could raise his failure to receive a copy as error.

The record shows that defendant was in court on September 10, 1963, when his counsel said, "Waive the formal reading of indictment 63-2457 and 2458 and enter pleas of not guilty for Victor Morgan and James Johnson in both indictments." This shows knowledge of two indictments. Obviously the People intended to give him a copy of each indictment but gave him two copies of the one and none of the other. He knew of the mistake and could have corrected it by asking for a copy of indictment 63-2457.

The two indictments arose out of the defendant's conduct toward two persons at the same time and place. His defense apparently would be the same in both cases. His counsel answered "ready" and if this meant ready for 63-2458, it is not suggested in what manner a copy of 63-2457 would have aided in changing his defense which was already prepared for 63-2458.

Although not formally informed of the charge as a matter of record, we are convinced that defendant knew of

the charge and was not prejudiced by his failure to receive a copy of the indictment. The record fails to show that defendant was denied a right guaranteed under the sixth amendment of the United States constitution or section 9 of article II of our constitution.

Defendant's other contention is that the court committed reversible error in allowing testimony concerning theft from Donald Laurie in the trial of theft from Arnold Potts. The testimony concerning the theft from Laurie at the same time and place as the theft from Potts was a part of the continuing narrative of the theft from Potts. It was not error to admit this testimony. *People* v. *Weger*, 25 Ill.2d 370; *People* v. *Tranowski*, 20 Ill.2d 11.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*