**People of the State of Illinois, Plaintiff-Appellee, v. Calvin April, Defendant-Appellant.**

**Gen. No. 66–91.**

Third District.

July 8, 1968.

Samuel J. Andreano, of Joliet, for appellant.

George Sangmeister, State's Attorney, of Joliet, for appellee.

CULBERTSON, J.

A jury in the circuit court of Will County found the defendant, Calvin April, guilty of armed robbery and he was thereafter sentenced to imprisonment for a term of not less than ten nor more than 20 years. By this appeal he seeks a new trial contending that erroneous rulings in the court below prejudiced him and denied him a fair trial. The sufficiency of the evidence to establish guilt beyond a reasonable doubt is not challenged.

Facts necessary to a consideration of the contentions made here disclose that on December 10, 1965, at about 12:45 a. m., Danny Jackson, the attendant at a Joliet gasoline station, was approached by a man who requested some free gasoline. Upon being refused the man went into the station office and there confronted Melvin Leach, a nonemployee who was using the telephone to call a taxi, with a request for money. After Jackson had come into the office and Leach had left it, the man drew a gun and robbed Jackson of approximately $20 in currency and coins. Leach, who was standing outside the station, witnessed the robbery as it occurred and saw the man depart on foot. Within hours after the robbery, and again at the trial, both Jackson and Leach positively identified defendant as the perpetrator of the crime. For the defendant, alibi testimony was produced that he was at the home of his brother at 162 Wallace Street, some 1½ miles away, during the entire time the events at the gas station were occurring.

About one hour after the robbery, the suspicions of employees of a Joliet taxi company were aroused by a telephoned request for a cab to be sent to the vicinity of 162 Wallace Street. Consequently, when the cab answered the call, Sergeant James Cronk of the Joliet police force concealed himself in the rear seat with his service pistol drawn. As the cab stopped at its destina-

3

tion defendant opened the rear door and started to draw a gun, but returned it to his pocket upon seeing Cronk. Defendant was then placed under arrest and disarmed, and was found to have $20.16 in coins and currency on his person in denominations comparable to those taken from Jackson.

At the trial the gun taken from defendant was introduced into evidence and was identified by Jackson as the weapon employed in the robbery. Defendant, while testifying in his own behalf, denied having been at the gas station on the night in question and also explained his possession of the gun by saying that he was carrying it for protection against an unnamed individual who had threatened his life, and that he had purchased it two days before the robbery from an unknown tavern patron. On rebuttal a taxi driver named Maurice Bancroft, who identified the gun by its serial number, testified without objection that it was his, that it had been stolen from him by force on the night of December 4, 1965, as he was hauling two passengers, and that defendant was the passenger who took the gun. It is now contended by defendant that the admission of Bancroft's testimony into evidence was prejudicial error in that it brought before the jury evidence of a crime totally unrelated to the offense for which he was being tried. (See: People v. Lehman, 5 Ill2d 337, 125 NE2d 506; People v. Tranowski, 20 Ill2d 11, 16, 169 NE2d 347.) But, quite apart from the circumstance that no trial objection was made, defendant is in no position to complain. Having taken the stand and having sought to explain his possession of the gun, he put his credibility in issue and subjected it to the same tests as other witnesses. (People v. Miller, 13 Ill2d 84, 108, 148 NE2d 455; People v. Hicks, 362 Ill 238, 243, 199 NE2d 368.) Bancroft's testimony on rebuttal was proper for impeachment purposes, and the incidental showing of

4

another offense by defendant did not render it inadmissible. (People v. Bartz, 342 Ill 56, 65, 173 NE 779; People v. Hanley, 317 Ill 39, 41–42, 147 NE 400.)

■ ■ Similarly, there is no merit to defendant's contention that improper evidence showing the crime of resisting arrest was allowed to come before the jury when Officer Cronk testified in detail as to the circumstances of defendant's arrest. (See: People v. Deal, 357 Ill 634, 641, 192 NE 649.) As was said by the court in People v. Sustak, 15 Ill2d 115, at 124, 153 NE2d 849: ". . . where that separate crime indicates resistance to arrest for the crime charged, is in close proximity in time or locality or otherwise so associated, the details thereof are properly received to show the force and vigor with which the one arrested so resisted, and the extent and nature of the acts committed during his resistance. The details, therefore, are material to the evidence of resistance, and are indicative of and a measure of the consciousness of guilt. People v. Spaulding, 309 Ill 292." Furthermore, defendant is once again in no position to complain of the evidence on which his contention is based. The record shows that the details of his arrest and resistance came on rebuttal when it became necessary for the prosecutor to recall Officer Cronk to refute and explain testimony of defendant which had charged Cronk with acts of brutality. We note, too, that defense counsel fully cross-examined Cronk as to the same details about which complaint is now made.

■ During his opening statement the prosecutor told the jury that a "tip-off" from the Yellow Cab Company had led to defendant's arrest. Later, at the close of the prosecution's case, defendant made a motion for a mistrial on the ground that no evidence of a "tip-off" had been presented and it is now urged that the Court erred in denying such motion. The record does indeed show

that objections of defendant on the ground of hearsay prevented the prosecution from getting the actual conversations between the police and the company employees in evidence. This, however, is not fatal as defendant's argument assumes. The reasonable inference and inescapable conclusion from other competent evidence in the record was that defendant's arrest had occurred in the manner the prosecutor stated. As a result, the jury was not misled, nor was the defendant prejudiced.

■ ■ Defendant's trial counsel moved to make the opening statement for the defense at the conclusion of the People's case, and it is now contended that the denial of such motion was an abuse of discretion which denied defendant a fair trial. We are not told, however, in what manner defendant was or would be prejudiced, nor do we find the trial court was so informed when the motion was made, thus making it impossible to determine if an abuse of discretion occurred. What is more, the point was not raised in defendant's motion for a new trial and is not subject to review. (People v. Gratton, 28 Ill2d 450, 454, 192 NE2d 903.)

For his final contention defendant complains of a jury instruction given on the defense on alibi and, without going into detail, it may be agreed that the same and similar instructions have been frequently condemned where, as here, defendant's proof of alibi does in fact cover the whole of the time of the commission of the crime. (E. g. People v. Frugoli, 334 Ill 324, 166 NE 129; People v. Gardner, 4 Ill2d 232, 122 NE2d 578.) At the same time, however, the instruction has been held not to be improper where the jury is further instructed, as it was in this case, that the defendant is entitled to acquittal if the evidence as to alibi, when considered with all the other evidence, creates in the minds of the jurors a reasonable doubt of the defendant's guilt. (People v. Gasior, 359 Ill 517, 195 NE 10.) Defendant's conten-

6

tions here ignore the second alibi instruction and are without merit.

The evidence of defendant's guilt was overwhelming and, from a careful examination of the record, we are convinced that he had a fair trial free from prejudicial error. Accordingly, the judgment of the Circuit Court of Will County is affirmed.

Judgment affirmed.

ALLOY, P. J. and STOUDER, J., concur.