**People of the State of Illinois, Plaintiff-Appellee, v. Eugene E. Tucker, Defendant-Appellant.**

**Gen. No. 51,884.**

First District, First Division.
December 19, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Dolores Horan, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Gerald T. Rohrer, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE ADESKO delivered the opinion of the court.

Defendant, Eugene E. Tucker, was convicted of armed robbery of $213, and sentenced to the Illinois State Penitentiary for a term of 5 to 15 years. On appeal he claims that the identification by the sole eyewitness was not positive; that the lineup in which he appeared violated his right to due process of law; that evidence of another crime was admitted, which was highly prejudicial to him; and that he was not proven guilty beyond a reasonable doubt.

On November 15, 1963, at about 7:20 p. m., Mrs. Mary Seaman, a part-time clerk at a Jewel Food Store, located at 2454 W. 63rd Street, in Chicago, observed two men at the checkout line behind a woman with a large grocery order. She called them over to another register

and proceeded to check out a ham, the single item which one of the men had. As she turned from the register to hand the recieipt to the man holding the ham she saw a gun in his hand pointed at her. He told her to put the ham in a bag and put the money from the register on top of the ham. He did not want the change but asked for the money in a safe which could not be opened. She looked at him again and he told her to get the money in the other girl's register. He then said, "Never mind," and grabbed the bag and said to the other man, "Let's get the hell out of here."

■■ Defendant maintains that the identification by the one witness to the robbery was not positive. The record satisfies us that the identification was positive, sure and decided. Mrs. Seaman had a good opportunity to observe him closely in a well-lighted area for a period of approximately three minutes. She heard his voice at the time of the robbery and again at the showup. She recognized him at the showup, which was conducted properly, and also at the trial. Defendant directs our attention to the red color of his hair. The defendant wore a hat, the brim of which was pulled down, during the robbery thus making it impossible for his hair to be seen. The testimony of a single credible witness is sufficient to convict even if contradicted by the defendant. People v. Solomon, 24 Ill2d 586, 182 NE2d 736 (1962); People v. Prochut, 27 Ill2d 298, 189 NE2d 290 (1963); People v. Miller, 30 Ill2d 110, 195 NE2d 694 (1964).

■■ The question of identification is a matter to be determined by the jury and the jury's decision should not be upset unless the evidence is unsatisfactory and implausible as to create a reasonable doubt of defendant's guilt. People v. Brooks, 52 Ill App2d 473, 202 NE 2d 265 (1964); People v. Napper, 78 Ill App2d 451, 223 NE2d 194 (1967).

■ Defendant further contends that the lineup in which he appeared violated his right to due process of law. A defense witness testified that the defendant was the tallest man in the lineup, as well as the only man with red hair and with a muscular build. Our examination of the record in this case reveals no suggestive elements which could lead to a mistaken identification. Twelve days after the robbery, Mrs. Seaman viewed a lineup of six men. The lighting was similar to that in the store. She was eight feet away from the men in the lineup and immediately identified the defendant. The defendant was not wearing a hat or coat in the lineup. The robber did. Mrs. Seaman asked that a hat be placed on his head because "while I was sure that it was him, but I wanted to make doubly sure with the hat and the way his face was shadowed, then I was positive." At the time of the trial she made a positive in-court identification of the defendant as the man who robbed the store.

■ ■ Defendant also contends that the evidence of another crime by him was admitted in the instant case and was thus prejudicial to him. The evidence in the instant case shows that the alleged robber who perpetrated the robbery on November 15, 1963, was armed. He was subsequently arrested 12 days later when he left a car which crashed into a telephone pole. He left the car and started to run, and was apprehended. A search of the car revealed a revolver on the front seat next to the driver's side which gun was later identified as the gun held by the robber at Jewel Food Store on November 15, 1963. In order to introduce the gun in evidence, it was necessary for the prosecution to lay a proper foundation. That foundation required that a chain of contact be established between the weapon, the crime and the defendant. Mrs. Seaman established the connection between the weapons and the robbery when she identified the gun as the same size, shape and

color as the one the defendant had. The testimony of Officer Soltis and the stipulated testimony of Officer Riley established the chain of contact between the defendant and the gun when it was revealed that the gun was recovered from the car from which the defendant fled at the time of his arrest.

 The fact of an arrest is relevant to the prosecution in the instant case. The circumstances surrounding the arrest were within the res gestae and were not improper. In People v. Sessions, 95 Ill App2d 17, 238 NE2d 94 (1968), this court upheld the right of the State to introduce evidence of the circumstances surrounding the arrest even though they may implicate the defendant in other crimes. The court stated:

> "Evidence of other offenses committed by the accused generally is inadmissible; however, it is admissible where it is part of the res gestae, where it helps to disclose motive, intent, or design, or where it helps to establish the identity of the accused and places him in proximity to the time and place of the crime. People v. Lewerenz, 24 Ill2d 295, 181 NE2d 99; People v. Tranowski, 20 Ill2d 11, 169 NE2d 347. In a criminal prosecution, the State may offer a continuous narrative of the events that formed the context of the arrest. People v. Alexander, 69 Ill App2d 27, 216 NE2d 180; People v. Johnson, 34 Ill2d 202, 215 NE2d 204. If this narrative includes connected crimes, proof of these crimes is permissible as part of the res gestae. People v. Pargone, 327 Ill 463, 158 NE 716; People v. Murphy, 276 Ill 304, 114 NE 609."

The defendant has mentioned the case of United States v. Wade, 388 US 218 (1967), which was decided after the trial of the instant case. We find this case to be inapplicable because the United States Supreme Court has stated that the rule enunciated in Wade was to have

141

prospective application to situations that would arise after the date of the decision in that case. Stovall v. Denno, 388 US 293 (1967).

The judgment of the Circuit Court of Cook County is hereby affirmed.

Affirmed.

MURPHY and BURMAN, JJ., concur.