THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT D. AUGHINBAUGH, Defendant-Appellant.

(No. 54917; ■■■■■■■■■■■■

First District—December 17, 1970.

John B. Kincaid, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and Arthur Belkind, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Robert D. Aughinbaugh, was charged with the crime of armed robbery. After a jury trial he was found guilty of that charge and sentenced to a term of 25 to 35 years. He appeals, contending that he was indicted for one crime but tried for another; that the trial court committed reversible error by permitting the State to introduce evidence of another crime; that the sentence imposed constituted cruel and unusual punishment; and that the delay in processing the appeal is a denial of due process, entitling defendant to a reversal of the conviction. Defendant appealed directly to the Supreme Court, but that court transferred the case to this court in April, 1970. Since the sufficiency of the evidence is not challenged, the facts may be summarized briefly.

Eight eye witnesses testified that defendant committed the armed robbery in question. Defendant and a man named Barryhill came into the bar of the Norsemen's Club located in Chicago at about 10:00 P.M. December 16, 1961. They sat at the bar drinking until approximately 2:00 A.M. At that time defendant pointed a gun at Gene Sandstrom, a

bartender, and ordered him to turn over all the money in two cash registers. Sandstrom complied, and defendant and Barryhill fled. Several patrons, one of whom was an off-duty police officer, pursued the men. The officer announced his office while making the chase. When Barryhill turned toward the officer with a gun in his hand, the officer shot and killed him. The police officer found defendant lying on his back unconscious with a gun in his hand.

Defendant testified on his own behalf that he was in the tavern on the night in question. He arrived at about 10:00 P.M. with Barryhill and two girls. However he denied ever having a gun or participating in the robbery.

In rebuttal, and over defendant's objections, two witnesses testified for the State that at 6:00 P.M. on the night in question they saw defendant in a men's clothing store with a gun in his hand.

Defendant first contends that he was indicted for one crime but tried for another. He argues that the indictment charged him with taking the property of Gene Sandstrom, the bartender, while the proof at trial showed that the property taken was that of the Norsemen's Club. He therefore maintains that there was a fatal variance between the indictment and the proof adduced at trial, thus necessitating a reversal of his conviction.

■■ We believe that the issue was resolved by our Supreme Court in *People v. Daniels* (1934), 354 Ill. 600, 188 N.E. 886. In that case the indictment for robbery charged that the money taken from Kaufman was his money, while the proof showed that Kaufman was an employee of Singer, and that the money actually belonged to Singer. The court held that robbery was the felonious and violent taking of money from the person of another by force or intimidation. The court went on to hold that if such were proved, the ownership of the property was unimportant, as the possession of the property by the victim was sufficient for the purpose of establishing the crime of robbery. See *People v. Rogers* (1922), 303 Ill. 578, 136 N.E. 470; *People v. Steenbergen* (1964), 31 Ill.2d 615, 203 N.E.2d 404.

■■ In the case at bar, the proof revealed that the defendant actually took the money from Gene Sandstrom. While the ultimate ownership of the money belonged to the owners of the Club, it is evident that Sandstrom had possession of it and the right to that possession. The thrust of the crime of robbery is the taking of property from a person by force and against his will, when such person has a superior right to the property. Sandstrom had such a superior right. We find no variance between the indictment and the proof adduced at trial.

Defendant next contends that the trial court improperly permitted

the State to introduce evidence of another unrelated crime. Defendant testified that he never had a gun and denied participating in the robbery. Over defense objections, two rebuttal witnesses testified that on the same day of the robbery in question they saw defendant in a clothing store with a gun in his hand.

■■ The general rule is that the admission of evidence concerning a distinct substantive offense, in support of the offense charged, is sufficiently prejudicial to be considered reversible error. *People v. Gleason* (1962), 36 Ill.App.2d 15, 183 N.E.2d 523. However, the Illinois courts have recognized exceptions to the general rule, and have held that evidence of the commission of other crimes by an accused is admissible if it is relevant to establish identity, intent, knowledge, motive, a common scheme or design or a fact material to the issue on trial. *People v. Tranowski* (1960), 20 Ill.2d 11, 169 N.E.2d 347; *People v. Scott* (1967), 82 Ill.App.2d 109, 227 N.E.2d 72.

In *People v. April* (1968), 97 Ill.App.2d 1, 239 N.E.2d 285, factually similar to the case at bar, defendant in an armed robbery prosecution took the stand and attempted to explain his possession of the gun by stating that he purchased the gun in order to protect himself from an assailant who had threatened his life. The State then introduced rebuttal testimony of a cab driver that defendant had stolen the gun from him during another robbery. In affirming the conviction, the court stated at p. 4 as follows:

> "Having taken the stand and having sought to explain his possession of the gun, he put his credibility in issue and subjected it to the same tests as any other witnesses. (citations omitted) Bancroft's testimony on rebuttal was proper for impeachment purposes, and the incidental showing of another offense by defendant did not render it inadmissible. (*People v. Bartz*, 342 Ill. 56, 65, 173 N.E. 779; *People v. Hanley*, 317 Ill. 39, 41-42, 147 N.E. 400)."

In *People v. Dale* (1934), 355 Ill. 330, 189 N.E. 269, the court held that rebuttal testimony to the effect that the accused had been seen at other times and places with a gun in his possession was proper after the accused had denied ever having a gun.

■■ We find that in the instant case the trial court properly permitted the State to introduce the testimony in question. Defendant took the stand and not only denied participating in the robbery, but also denied ever having a gun in his possession. It was then permissible for the State to show in rebuttal that he was seen with a gun in his hand just a few hours before the robbery in question occurred. Actually the testimony permitted in the case at bar was more restricted than that allowed in *People v. April, supra.* In *April*, the rebuttal witness was permitted to

testify in some detail that defendant committed another robbery. Here, while the rebuttal witnesses were allowed to testify that they saw defendant in a clothing store with a gun, they were not permitted to testify as to any details or that a crime had occurred. In holding that the rebuttal testimony was properly admitted in the case at bar, we recognize the principle that even where evidence of another crime may be relevant and material, if its nature is such to highly inflame prejudice against defendant in the minds of the jury the evidence should be excluded. *People v. Ulrich,* (1963), 30 Ill.2d 94, 195 N.E.2d 180. However we do not believe that the instant rebuttal testimony was of such a nature.

Cases cited by defendant in support of the proposition that the introduction of evidence as to another crime constituted reversible error are clearly distinguishable from the instant case. In *People v. Fuerback* (1966), 66 Ill.App.2d 452, 214 N.E.2d 330, defendant in a robbery prosecution testified that during the time of the robbery he was with his mother. In rebuttal an employee of a food store testified that defendant was in her store at the time defendant stated that he was with his mother. She further testified that about one hour after his first appearance he returned to the store and committed an armed robbery. In reversing the conviction, this court held that the rebuttal testimony as to defendant's two visits to the store was admissible in order to refute his alibi. However the introduction of the details of defendant's participation in the second robbery was held to be prejudicial error. It seems obvious that no such wide latitude was permitted in the case at bar, and that here the evidence was limited to a refutation of defendant's testimony. *People v. Gawlick* (1932), 350 Ill. 359, 183 N.E. 217, involved a prosecution for the theft of a fur coat from a store. The State also introduced evidence that defendant attempted to steal a coat from another store. In reversing the conviction, the court held that the introduction of the evidence of another crime was in no way connected to or tending to prove the crime charged. In that case, the evidence was not offered to refute any evidence offered by defendant, but was apparently introduced for the sole purpose of prejudicing the jury against defendant.

Defendant next contends that the sentence imposed was excessive, and he requests that this court reduce the sentence.

While this court has the authority to reduce sentences, (Supreme Court Rule 615(b)(4), Ill. Rev. Stat. 1967, ch. 110A, § 615), that authority should be exercised with considerable caution and circumspection. *The People v. Taylor* (1965), 33 Ill.2d 417, 211 N.E.2d 673. At the hearing in aggravation and mitigation, it was revealed that defendant previously had been convicted and sentenced to the penitentiary for a burglary and also for three armed robberies. Moreover the instant rob-

bery occurred only twelve days after he had been released on parole. Considering defendant's previous criminal record, his immediate return to crime after his release from the penitentiary and the seriousness of this charge during which his accomplice was killed, we cannot say that the sentence of 25 to 35 years was excessive.

■■ We find no merit in defendant's final contention that his conviction must be reversed because of the delay in processing the appeal. He bases this argument on the grounds that his present counsel did not receive a transcript of the trial proceedings until seven years afer the conviction. An examination of the record reveals that copies of the transcript of proceedings were furnished to defendant in timely manner. He was convicted in October 1962. Pursuant to court order one copy of the transcript was delivered to defendant in 1963. In 1965 another copy was filed with the Clerk of the Supreme Court and made available to counsel then representing defendant. Any delay in processing the appeal is not attributable to the State. Defendant was furnished timely transcripts, and cannot now complain of delay.

Accordingly, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

DEMPSEY, P. J., and SCHWARTZ, J., concur.