No. 6346. MASSEY v. GEORGIA. Sup. Ct. Ga. Certiorari denied.

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE BRENNAN concurs, dissenting.

Prior to petitioner's trial for armed robbery, the trial judge appointed a psychiatrist at petitioner's request to conduct an examination into petitioner's competency to stand trial. He apparently was found competent. At trial the State produced evidence of the robbery and an exchange of gunfire. A number of witnesses identified petitioner as the gunman. Petitioner's defense was that he had taken some pills and had drunk some alcohol prior to the robbery and remembered nothing from the time he took the pills until the time he awoke in the station house. In rebuttal the State called the examining psychiatrist who testified that petitioner had told him a very logical and complete story of what had happened during the afternoon of the robbery. The defense moved to strike the testimony on the ground that the psychiatrist-patient privilege accorded by Georgia law* barred the testimony.

The trial judge denied the motion and the Supreme Court of Georgia affirmed, stating:

"The psychiatrist appointed by the court for a sanity examination of the defendant may not be regarded as a prosecution witness, but is instead a witness for the court. . . . Hence, the requisite relationship did not exist and it was not error to admit in evidence the psychiatrist's testimony as to statements made to him by the defendant during the course of

---

*Ga. Code Ann. § 38-418 (Supp. 1970): "There are certain admissions and communications excluded from consideration of public policy.

"Among these are: . . . 5. Psychiatrist and patient."

his examination of the defendant." 226 Ga. 703, 704–705, 177 S. E. 2d 79, 81.

This case does not present any issues relating to the question of the quantum of psychiatric aid necessary to determine competency to stand trial. Cf. *Pate* v. *Robinson,* 383 U. S. 375; *Bishop* v. *United States,* 350 U. S. 961. The issue presented is whether in keeping with the Equal Protection Clause a State can limit the psychiatrist-patient privilege to situations where the psychiatrist is not court appointed.

If every court-appointed psychiatrist is only an agent of the State, not a confidant and adviser of the accused, then the potential of using him to deprive the accused of his constitutional rights is great, as evident from *Leyra* v. *Denno,* 347 U. S. 556. In that case a state psychiatrist did what police could not do—"[A]n already physically and emotionally exhausted suspect's ability to resist interrogation was broken to almost trance-like submission by use of the arts of a highly skilled psychiatrist." *Id.,* at 561.

Would not abolishing the attorney-client privilege for indigents who had court-appointed counsel violate both the Sixth and Fourteenth Amendments? Compare *Gideon* v. *Wainwright,* 372 U. S. 335, with *Douglas* v. *California,* 372 U. S. 353. If so, why is the psychiatrist-patient privilege different? Can the psychiatrist-patient privilege be constitutionally limited to those with a money relationship? Does "the kind of trial a man gets depend on the amount of money he has"? *Griffin* v. *Illinois,* 351 U. S. 12, 19.

Had petitioner been able to hire his own psychiatrist, his trial chances would not have been as abruptly crushed on rebuttal as they were here. In this posture this case is much stronger than the transcript cases (*Griffin, supra; Williams* v. *Oklahoma City,* 395 U. S. 458; *Roberts* v.

*LaVallee,* 389 U. S. 40; *Long* v. *District Court of Iowa,* 385 U. S. 192; *Draper* v. *Washington,* 372 U. S. 487); counsel on appeal (*Douglas* v. *California, supra*); or the fee cases (*Burns* v. *Ohio,* 360 U. S. 252; *Smith* v. *Bennett,* 365 U. S. 708). All of those dealt with post-trial review. Here the alleged denial of equal protection destroyed whatever chance petitioner had *at trial.* This is a question which ought to be decided and I would set the case for oral argument.