THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD C. BOLTON, JR., Defendant-Appellant.

(No. 11725;

Fourth District—April 10, 1974.

CRAVEN, J., dissenting.

John F. McNichols, Deputy Defender, of Springfield, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (Robert James Steigmann, Assistant State's Attorney, and Peter H. Strow and Charles Richards, Jr., Senior Law Students, of counsel), for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant was convicted of burglary upon a jury verdict. He appeals.

Defendant, aged 19 years, and his brother-in-law, Hilliard, aged 16 years, were discovered in the early morning of October 2, 1970, upon the lot of Christman Auto Sales. Several hours were spent investigating the circumstances during which time the defendant and Hilliard were arrested. There is no disagreement that defendant consented to a search of his car which disclosed various tools identified as the property of one Tschann doing business as 101 Auto Ranch. The indictment charged that the burglary of the Ranch occurred on September 30. Tschann testified relating the burglary to the fact that several windows were found broken out on that date, although at such time nothing was believed to be missing.

Hilliard testified for the prosecution. He showed some uncertainty in recalling dates, but testified that he and defendant shot out the windows on September 30, and that a day or two before he and defendant entered the building on the Ranch with a key which defendant had obtained. He testified that at that time the tools were taken.

Defendant testified that he had been employed by Tschann but that such employment was terminated some 2 weeks prior, that on the last day of his employment he used the tools to work on his car and that when he finished the building was locked and he placed the tools in his car. He stated that he had a dispute with Tschann as to the amount of his last day's pay and that he decided to keep the tools until the dispute was settled. He denied taking or having a key to the Ranch and he denied the burglary, although he admitted shooting out the windows because he was angry.

Upon questions by his counsel, defendant explained that he and Hilliard were required to move from their lodgings and that they had driven to the Christman premises to sleep in his car, that he could not sleep and went for a walk and upon returning the police were present and he was ultimately arrested.

Hilliard testified in rebuttal that a day or two before he and defendant were looking at a Pontiac on the Christman lot, that defendant had

found a key to the car and that on the evening prior to the arrest they had taken the car to drive around town and were returning it when discovered by the police.

Here, defendant urges as error that testimony as to other criminal acts was received in evidence; that the court erred in giving the prosecution's instruction in the language of IPI Criminal No. 13.21, concerning the exclusive possession of recently stolen property; that the trial court should have included sua sponte an instruction that the evidence of other criminal acts was limited to defendant's credibility; that the court erred in refusing to give defendant's instruction on circumstantial evidence; that defendant was not proven guilty beyond a reasonable doubt, and that the court unduly restricted his impeaching cross-examination of the prosecution witness, Hilliard.

Defendant's contention concerning the prejudicial evidence of other crimes is presented in two aspects. The first concerns the testimony as to the events on October 2 leading to the arrest. No objection was made as to such testimony and the issue was not preserved in his post-trial motion. The prosecution urges that it was necessary to prove the circumstances of a lawful arrest and seizure of the tools, which, in substance, constituted the discovery of the burglary charged. This proposition is supported by *People v. Johnson,* 34 Ill.2d 202, 215 N.E.2d 204; *People v. Tucker,* 118 Ill.App.2d 136, 255 N.E.2d 31, and *People v. Sessions,* 95 Ill.App.2d 17, 238 N.E.2d 94.

■■ In *Johnson,* defendant was tried for theft from one Potts. The events leading to defendant's arrest included testimony concerning a theft from one Laurie. It was held that there was no error in admitting such testimony as a continuing narrative of the theft from Potts and the arrest of defendant. In *Tucker,* and in *Sessions,* it was held proper to admit testimony concerning the events which led to the arrest and identification of defendant with the offense charged. See also *People v. Guyton,* 114 Ill.App.2d 394, 252 N.E.2d 665.

■■ Defendant made objection to the rebuttal testimony of Hilliard directed to the testimony of defendant about going to Christman's lot to sleep and to returning from a walk to find the police present at his car as evidence of another offense. This issue was preserved in his post-trial motion. The prosecution urges that the issue is controlled by *People v. Daugherty,* 43 Ill.2d 251, 253 N.E.2d 389, and *People v. April,* 97 Ill.App.2d 1, 239 N.E.2d 285. In *Daugherty,* defendant was accused of indecent liberties with a small boy. Defendant testified denying the charge and told of his friendly association and paternal concern with two younger boys in the family. In rebuttal, the latter testified concerning

defendant's conduct with them on other occasions. It was urged that such testimony was prejudicial in suggesting other criminal offenses. The opinion held that it was proper to admit the testimony in rebuttal to the matters asserted in defendant's direct examination.

That opinion cited *People v. Hanley,* 317 Ill. 39, 147 N.E. 400, wherein defendant testified that he was not with a codefendant on the date at issue, and that he did not own a gun. It was held that rebuttal was properly admissible in the testimony of a witness that he saw defendant and the codefendant on the date concerned and that defendant had a gun. See also *People v. April,* 97 Ill.App.2d 1, 239 N.E.2d 285; *People v. Jones,* 125 Ill.App.2d 168, 260 N.E.2d 58, and *People v. Appleton,* 1 Ill. App.3d 9, 272 N.E.2d 397.

In *People v. LaBatt,* 108 Ill.App.2d 18, 246 N.E.2d 845, there was a failure of the *Miranda* warnings so that defendant's statements were held inadmissible in direct evidence. Defendant testified that he had no gun. The issue was whether it was error to admit the testimony of a police officer as to what defendant said about a gun. The court held that where he testified, defendant placed the truthfulness of his version in controversy and that the State was entitled to rebut such testimony. *Cert. denied,* 401 U.S. 963, 28 L.Ed.2d 248, 91 S.Ct. 980, *sub nomine La Batt v. Illinois.*

Defendant relies upon *People v. Cage,* 34 Ill.2d 530, 216 N.E.2d 805. In that opinion the court noted that the prosecution sought to rebut testimony of defendant resulting from the "clearly improper" cross-examination, and that under such circumstances evidence suggesting other offenses was reversible error. To the same effect, see *People v. Kirkwood,* 17 Ill.2d 23, 160 N.E.2d 766. Here, as in *Daugherty,* rebuttal was directed to defendant's testimony in chief.

■■ Defendant tendered no instruction designed to limit such rebuttal testimony to the consideration of defendant's credibility, but here it is argued that the court should have sua sponte prepared such an instruction. The evidence being admissible under the authorities cited, we find no reversible error.

■■ Defendant argues that the court erred in giving the instruction, (IPI Criminal, No. 13.21) in the language:

> "If you find that the defendant had exclusive possession of recently stolen property, and there was no reasonable explanation of his possession, you may infer that the defendant obtained possession of the property by burglary."

It is said in behalf of defendant that such possession does not support an inference of an unauthorized entry into the premises, and that since

such entry is an element of the offense of the burglary, the instruction was in error. We find that sometime prior to the adoption of the present Pattern Instructions, the supreme court approved an instruction, "The exclusive possession, shortly after. the commission of a larceny, robbery or burglary, of stolen property * * *." (*People v. Leving,* 371 Ill. 448, 21 N.E.2d 391.) In *People v. Curtis,* 7 Ill.App.3d 520, 288 N.E.2d 35, it was contended that such instruction was not proper in authorizing an inference of the elements of robbery. Here, as in *Curtis,* there was other substantial evidence of the offense charged and the inference is not used to prove the elements of the offense but to show the identity of the person involved. Defendant urges that *People v. Urban,* 381 Ill. 64, 44 N.E.2d 885, controls. In that case, however, the essential issue was whether the evidence in fact showed exclusive possession in defendant. Here, the possession was admitted by defendant and it was properly a jury question as to whether there was a reasonable explanation of such possession.

■■ The court gave the instruction defining circumstantial evidence (IPI Criminal, No. 3.02), omitting the second paragraph:

> "You should not find the defendant guilty unless the facts and circumstances proved exclude every reasonable theory of innocence."

Defendant argues that giving the instruction in such form was error, and that it was error to refuse defendant's tendered instruction which included the quoted paragraph. The Committee Note directs that the second paragraph should be included "only when the proof of guilt is *entirely* circumstantial". (Emphasis supplied.) Here, there was direct testimony concerning the burglary by Hilliard and the ruling was correct. *People v. Hayes,* 11 Ill.App.3d 359, 296 N.E.2d 649.

Defendant contends that the court unduly restricted his cross-examination of Hilliard contending to show his bias or credibility. The record shows that Hilliard and defendant were brothers-in-law and were staying together at the time of the offense. The trial court permitted cross-examination to show the differences between the two, but sustained an objection to cross-examination directed to exploring the differences between the respective mothers of Hilliard and the defendant concerning defendant's marital problems. The court stated that defendant might cross-examine as to differences between defendant and Hilliard, but not as to other members of the family. In the event, no further inquiry was in fact made.

■■ Defendant argues the failure of proof beyond a reasonable doubt. There was some conflict in the evidence which a jury hearing the testimony and observing the witnesses may best resolve. where there are

issues of credibility. Nothing in the record suggests reversible error upon this issue.

The judgment is affirmed.

Affirmed.

SMITH, P. J., concurs.

Mr. JUSTICE CRAVEN, dissenting:

The defendant was charged with the burglary of the 101 Auto Ranch in Urbana, Illinois. The offense was alleged to have taken place on September 30, 1970. Hilliard, a confessed accomplice, testified for the prosecution and was recalled for rebuttal testimony. Prior to that time a police officer had indicated the circumstances relating to the defendant's arrest at Ted Christman's Automobile Sales lot on October 2, 1970. Objection was made to the testimony of Hilliard that his testimony would bring out other crimes which would be prejudicial. The objection was overruled, and the witness Hilliard testified and that testimony as abstracted is as follows:

"Q. Would you tell the jury and the Court why you, on October 2nd, along with Mr. Bolton went to Ted Christman's auto sales at night?

A. Well, we uh, had the keys to a GTO.

Q. Why were you—who had the keys?

A. Rick did.

Q. Who is he?

A. Bolton

Q. What was his intentions to do with those keys?

A. Take the car and go driving around.

Q. What car was that?

A. Blue GTO

Q. Where was it?

A. Sitting on Ted Christman's, uh, used car lot.

Q. Do you know when and where he got the keys to that car?

A. When we went over there and looked at cars.

Q. When was that?

A. Mmmm—a couple of days before we went to get—before we stole the keys.

Several days before, I saw Rick Bolton take these keys from over the sun visor of the GTO. We took the car and drove it around campus and were putting it back when the police arrived. My father works at Ted Christman's, but we did not have author-

ity from him, Ted Christman, or anyone else to take the car. Taking the car was Rick Bolton's idea."

The majority opinion concludes that there was no error in the admission of that testimony upon authority of *People v. Daugherty* and *People v. Guyton*. As I read this record, Hilliard's testimony was used for impeachment on collateral issues and injected into the case criminal activity of the defendant Bolton for which he was not on trial and which was not relevant nor necessary to establish identity, intent, knowledge, motive, a common scheme or design, or a fact material to the issue on trial. *People v. Cage*, 34 Ill.2d 530, 216 N.E.2d 805.