Charles Francis ALFORD et al., Appellants,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 4, 1968.

Wesley Bowen, Newport, Philip Hargett, Maysville, for appellants.

John Breckinridge, Atty. Gen., Curran Clem, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

Charles Francis Alford and Hershel B. Farmer, Jr., tried jointly with William Ray Long, were found guilty of breaking and

entering a dwelling house, KRS 433.180, and were each (including Long) sentenced to 10 years' imprisonment. Alford and Farmer have appealed, contending that (1) the evidence was insufficient to sustain their convictions, and (2) they should have been granted trials separate from Long.

The prosecuting witness testified that he discovered three men in the act of breaking and entering his home, and that they escaped in an automobile but only after he had noted the license number. He called the sheriff and gave him the license number and a description of the car. The sheriff shortly thereafter spotted, pursued and stopped a car with that number and of that description, in which were Alford, Farmer and Long. The prosecuting witness identified the three as the men who had committed the offense. The defense was an alibi.

■ The contention that the evidence was insufficient to sustain the conviction is based solely on the proposition that the identification by the prosecution witness was not reliable because it rested only on a brief glimpse of the men at the scene of the crime. We think the contention is without merit. The identification was positive, and it was corroborated by the fact that shortly after the offense was committed the three defendants were apprehended occupying an automobile of the same description and having the same license number as the one in which the offenders left the scene of the crime.

■ It is argued that Alford and Farmer should have been granted trials separate from Long because Long previously had been convicted of a felony. The record does not show that any motion for separate trials was made or that the fact of Long's previous conviction ever was brought to the attention of the court until the fact was elicited from Long on cross-examination after he had testified in his own defense. Even had there been a motion the mere fact that Long had a "record" would not have required the granting of separate trials. See Hoskins v. Commonwealth, Ky., 374 S.W.2d 839; Underwood v. Commonwealth, Ky., 390 S.W.2d 635. It has been held that even the fact that other joint defendants in a robbery prosecution are indicted as habitual criminals does not entitle a defendant to a separate trial. See People v. Kozlowski, 368 Ill. 124, 13 N.E.2d 174, 115 A.L.R. 1505.

The judgment is affirmed.

All concur.