**Herschel FARMER, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 13, 1970.

Herschel Farmer, pro se.

John B. Breckinridge, Atty. Gen., Robert W. Willmott, Jr., Asst. Atty. Gen., for appellee.

PALMORE, Judge.

Herschel Farmer appeals from an order overruling without a hearing his RCr 11.42 motion to vacate a judgment sentencing him to 10 years in the penitentiary for dwelling-house breaking. KRS 433.180.

The judgment in question was entered on March 25, 1968. It was affirmed on appeal to this court. Alford v. Commonwealth, Ky., 432 S.W.2d 414 (1968). The grounds stated in the motion to set it aside are (1) that appellant "was not given credit for his jail time," (2) that the trial court erred in telling the jury panel (at the beginning of the term) that regardless of whatever penalty might be imposed in a criminal case it was the province of the Parole Board to determine how much of it would be served, and (3) that he was "denied the right to obtain counsel of his own choice, and that the Court erred in denying the Defendant the right to a continuance."

Ground (3) is refuted by the record. Ground (1) is not sufficiently definite to merit further inquiry. KRS 431.155(3) charges the Department of Corrections with the responsibility of determining the credit for time spent in jail prior to the commencement of a prison sentence.

The trial order shows that the objection stated as ground (2) was timely presented before the trial commenced. We agree that probation and parole should not be mentioned to the jury at any time, in general or otherwise, except in response to

an inquiry from the jurors, in which instance it is unavoidable and should be confined to an admonition that it is not a matter for the jury to consider, that the jury must base its verdict solely on the evidence and instructions. Cf. Blanton v. Commonwealth, Ky., 429 S.W.2d 407, 411 (1968). We recognize that the existence of probation and parole is a matter of common knowledge, but a gratuitous reminder to the jurors may very well prompt them to speculate about it and tend to minimize the importance of their sentence-fixing responsibility. However, assuming that the comments in this case were not proper, the result was an appealable error which did not invalidate the judgment.

The order denying relief is affirmed.

All concur.