**Clyde IRVIN, Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee.**

Court of Appeals of Kentucky.

June 1, 1979.

**656**

Walter A. Baker, Glasgow, for appellant.

Robert F. Stephens, Atty. Gen., Miles H. Franklin, Asst. Atty. Gen., Frankfort, for appellee.

Before WHITE, REYNOLDS and VANCE, JJ.

WHITE, Judge.

Appellant, Clyde Irvin, was convicted of rape in the first degree and sentenced to 10 years in prison. He appeals this conviction alleging two grounds as reversible error.

Appellant one Clarence Shirley were each indicted separately, and charged in two counts with the crimes of rape and sodomy upon the same complaining witness on the same date. At the first trial the Commonwealth moved to consolidate the two indictments and try the defendants jointly. The trial court overruled the motion to consolidate, and separate trials were had, resulting in a hung jury in both instances.

At the second trial, again the Commonwealth moved to consolidate and, over the objection of appellant, the trial court sustained the motion and tried the defendants jointly. This trial resulted in appellant's conviction for rape and he appeals. It is noted in passing that appellant was found not guilty of the charge of sodomy. However, Shirley was convicted on both counts of rape and sodomy.

Appellant alleges that the trial court abused its discretion in joining for trial the indictments of the separate defendants. This is a frivolous argument. Both indictments grow out of the same occasion, and the defendants acted in concert with each other upon the same victim. The appellant and the defendant Shirley could have been indicted jointly. This court sees no problem that would preclude their being tried jointly simply because the grand jury elected to indict under separate indictments.

Appellant contends that the admissions and confessions of Shirley admitted at the second trial deprived appellant of his right to a fair trial because Shirley refused to take the stand and could not be impeached by evidence of prior convictions, and because appellant was denied his right to cross-examine Shirley.

While it is true that defendant Shirley could have been impeached by evidence of prior convictions had he taken the stand, such fact does not require separate trials. *Alford v. Commonwealth*, Ky., 432 S.W.2d 414 (1968). Neither does appellant's inability to cross-examine Shirley warrant separate trials. Appellant relies on *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), for relief. However *Bruton v. United States, supra*, is distinguishable from the case before us. In *Bruton, supra*, only one defendant confessed, and his confession inculpated his codefendant. However, in this case both appellant and Shirley confessed. Both defendants maintained the same defense theory of consent. Thus the facts of this case take it out of the *Bruton* rule, and *United States ex rel. Catanzaro v. Mancusi*, 404 F.2d 296, 300 (2nd Cir. 1968) (U.S. cert. denied 397 U.S. 942, 90 S.Ct. 956, 25 L.Ed.2d 123), becomes applicable: "Where the jury has heard not only a codefendant's confession but the defendant's own confession no such 'devastating' risk attends the lack of confrontation as was thought to be involved in *Bruton*." Also see *Meyer v. Commonwealth*, Ky., 472 S.W.2d 479 (1971).

Appellant also argues that Shirley's conduct at trial prejudiced his ability to receive a fair trial. Specifically, appellant relates the incident on the first day of trial when Shirley was 25 minutes late following the noon recess. After some 10–15 minutes when Shirley failed to appear, the trial judge conducted a conference both at the bench and in chambers. Both conferences occurred out of the hearing of the jury; therefore we find no prejudicial harm resulted.

As a second ground of error, appellant alleges juror bias. Juror Sylvester Sharp upon voir dire stated that he had not been present at the bond hearing of appellant. Appellant filed an affidavit with his motion for new trial which refuted this fact. By affidavit, Hade E. Basil stated that he had known juror Sharp some 20 years, and that during the bond hearing of appellant in October, 1977, Basil had been standing outside the entrance to the Barren Circuit Courtroom when Sharp came from the courtroom and stated, "If they done that they ought to be hung." In response, the Commonwealth filed Sharp's affidavit denying prior knowledge or information of the alleged crimes, other than possibly having heard something on the radio or reading about them in the local paper.

We find no abuse in the trial court's actions here. It is within the discretion of the trial judge to assess the conflicting affidavits and he resolved the conflict in favor of the Commonwealth.

The judgment is affirmed.

All concur.