**People of the State of Illinois, Plaintiff-Appellee, v. Thomas Alexander, Defendant-Appellant.**

Gen. No. 50,479.

First District, Third Division.

February 17, 1966.

Norman Nelson, Jr., of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Kenneth L. Gillis, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Defendant was convicted of the theft of an automobile of a value in excess of $150 and was sentenced to 3 to 10 years imprisonment. According to the state's witnesses, at 3:30 a. m. on February 13, 1964, defendant and one Charles Evans were bent under the hood of a 1954 Chevrolet parked at the curbside on a city street. Immediately behind the 1954 car was a 1963 Chevrolet with its lights on and motor running. This was the automobile allegedly stolen by defendant.

Two detectives were parked nearby in a squad car and after observing defendant and Evans for several minutes, the officers approached and questioned them. One of the officers noticed that the ignition in the older car was in the "on" position, although it lacked a key. He asked who owned the newer car, the one here in question, and defendant answered that it belonged to his mother-in-law and that he was bringing her the clothes that could be seen in the back seat. The officer asked defendant for permission to enter and examine the newer car, and this was granted. There was a key in the ignition

of the car, but when the officer handled it, the ignition assembly, with the key still engaged, came out in his hand. The motor kept running and was eventually turned off at the police station by the use of a screwdriver. When confronted with the ignition assembly, the defendant changed his story, asserting that the car was owned by one Pettigrew, a repossessor of cars, who had just repossessed the car and allowed him to use it. Defendant and Evans were then arrested. Investigation revealed that the owner of the 1963 car was neither the defendant's mother-in-law nor Pettigrew, but one Oliver Coleman, who had parked the car in front of his house before retiring for the night. Coleman was notified at 3:45 a. m., went to police headquarters and identified the car. No evidence was adduced on behalf of defendant.

Defendant argues that the officer's search of the 1963 car was illegal. There is no basis for this contention. Permission to search was granted and the arrest followed the search.

■ Defendant also argues that it was error to permit the owner of the 1954 car, one Mrs. Tommie Hardy, to testify that her car had been missing and that she had found it at the police station, that she had testified at the trial of Charles Evans, and that Evans had there been convicted of taking her car. The defendant contends that this constitutes inadmissible evidence of "other crimes." At the same time he contends that the evidence was irrelevant because it did not charge him with an offense. Obviously this was not evidence of "other crimes" of the accused because it was Evans, not Alexander, who was named as the perpetrator.

■ It was permissible for the state to offer a continuous narrative of the events that formed the context of the arrest. People v. Ardelean, 368 Ill 274, 13 NE2d 976. The arresting officer testified that the ignition of the 1954 car was in the "on" position without a key, and as the theft of that car might be attributed to either

Evans or Alexander, the testimony of Tommie Hardy establishing that it was stolen by Evans, *and not by the defendant,* was favorable to the defendant. The judgment is affirmed.

Judgment affirmed.

SULLIVAN, P. J. and DEMPSEY, J., concur.