the danger inherent therein, and in view of these observations, we find nothing in the presence of the pin which would convince us to alter our decision.

■■ There are no disputed facts bearing on the issue here presented. Plaintiff, to be sure, argues that the unprotected universal joint was dangerous and that appellee was negligent in providing plaintiff with such an inherently dangerous mechanism and in failing to warn him of the danger although he had knowledge thereof by virtue of his own experience in having his trousers caught the day previous to plaintiff's injury. That these allegations may form a triable issue as to appellee's negligence cannot be denied, however, they do not establish any element of the proof of freedom from contributory negligence which is the issue to be determined. The undisputed facts establish that plaintiff's own negligence proximately contributed to the accident which bars his right to recovery regardless of any negligence on the part of appellee.

The judgment of the Circuit Court of Madison County is therefore affirmed.

Judgment affirmed.

EBERSPACHER, P. J., and JONES, J., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN KARLOVICH, Defendant-Appellant.

(No. 71-38; )

Fifth District—March 8, 1973.

Opinion by Mr. JUSTICE CREBS.

R. Michael Fischer, of Alton, for appellant.

No appearance for the People.