THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOSEPH L. WRIGHT, III, Defendant-Appellant.

(No. 12203;

Fourth District—June 20, 1974.

John F. McNichols, Bruce L. Herr, and Patrick Flynn, all of the State Appellate Defender's Office, of Springfield, for appellant.

C. Joseph Cavanagh, State's Attorney, of Springfield (James W. Jerz and Edward N. Morris, both of Model District State's Attorneys Office, of counsel), for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant appeals from judgments entered on jury verdicts finding defendant guilty of the offenses of aggravated battery in violation of section 12—4(b)(6) of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, sec. 12—4(b)(6)), and resisting or obstructing a peace officer in violation of section 31—1 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, sec. 31—1) and from a sentence of 1 to 5 years imposed for the aggravated battery. Defendant raises the following issues for this court to decide: (1) Whether the trial court erred in admitting evidence of certain actions and statements of defendant at the scene of his arrest; (2) Whether the trial court erred in admitting evidence of defendant's statements and actions at the jail and hospital shortly after defendant was in custody; (3) Whether defendant was proven guilty of aggravated battery beyond a reasonable doubt; (4) Whether the trial court, although it sentenced defendant on only the greater offense, may properly enter judgments for both aggravated battery and resisting or obstructing a peace officer when both offenses arise from the same conduct or transaction; and (5) Whether defendant's sentence for aggravated battery is excessive.

The events in the present appeal evolve from a traffic accident which occurred on May 14, 1972, in Springfield, Illinois. At the trial the testimony was in relevant part as follows: Deborah Jean Smith testified that on the evening in question she was waiting to turn at an intersection when she was struck from behind by defendant's car. She stated that she got out of her car and told defendant not to leave because it appeared that he was attempting to pull away. She further stated that when the police arrived she heard defendant shouting obscenities at the officers, observed much scuffling and fighting, and saw defendant swing at an officer as the police were attempting to get defendant out of his car.

John Palmer, a Springfield police officer, testified that he was first to arrive at the scene of the accident. He stated that Officer Walton was the first traffic officer to arrive, and while directing traffic, he observed Walton beside defendant's car. He then heard some obscenities, turned around and saw Walton and defendant arguing. He stated that he then began to run to assist Walton when he saw defendant swing out from the car and hit Walton on the right shoulder.

Emmett Cleghorn, also a Springfield police officer, testified that upon arriving at the scene he asked defendant if he was all right, to which

defendant answered affirmatively. Shortly thereafter, he asked defendant to turn his car motor off, and defendant replied that if he did, he wouldn't be able to start it again. He proceeded to direct traffic and then overheard Walton telling defendant to stop the motor and get out of the car. He then heard defendant utter some obscenities and saw him lunge or spring out of the car. He stated that at this point he turned around to direct traffic and did not see defendant strike Walton. When he turned back around, he simply saw defendant and Walton scuffling.

Walton testified that when he arrived at the scene, he noticed defendant's engine was noisily running and asked him to shut it off. The defendant then replied, "Fuck you, mother-fucker, I ain't turnin' nothin' off." After asking him two more times to turn the engine off and getting a similar reply, he stated that he reached into the car to turn it off himself. He stated that defendant then lurched out of the car and hit him on the upper right lip. The two then began to scuffle, and other officers arrived to assist him.

Donald Mitchell, also a Springfield police officer, testified that upon arriving at the accident he saw several officers wrestling with defendant. He stated that he tried to subdue defendant and that defendant took a swing at him. He then retaliated by striking defendant in the eye. Defendant then had to be forcibly dragged to the police car.

Defendant testified that upon hitting the back of a car he became stunned because his head hit the windshield. He stated that the lady from the car he hit walked toward his car, saw the blood streaming from his head and ran back in shock. He stated that Officer Cleghorn then arrived and asked if he was all right. He replied that he thought he was all right, and Cleghorn then asked him to cut off his motor. He replied that if he did he wouldn't be able to start it again. He stated that a few minutes later he was approached by Officer Walton who asked him twice to get out of the car. He stated that he couldn't because he had glass in his face. He stated that after asking him a third time, Walton pulled open the door, and as soon as he got out of the car, Walton hit him in the eye. He then defended himself from being hit again. He stated that other officers arrived to assist Walton, and he was placed handcuffed in the police car at which point Officer Mitchell got on top of him and hit him in the head. He further stated that he never used obscene language in conversing with Walton and that he never swung at any of the officers, nor did he struggle or attempt to break away from them.

■■ Defendant contends that the trial court erred in admitting evidence of defendant's struggles with officers other than Walton at the scene of the accident because such testimony was prejudicial and indicated other possible offenses. Defendant further contends that the trial court erred

in admitting evidence of defendant's vulgar language and statements to the crowd at the scene of the accident because such testimony was prejudicial and irrelevant. Nevertheless, we note that defendant did not object to the introduction of any of this testimony, and defendant may not now raise these issues for the first time before this court.

■■ Defendant contends that the trial court also erred in admitting evidence of defendant's statements and actions at the jail and hospital shortly after defendant was in custody because such testimony was prejudicial and did not tend to prove guilt. We note that defendant only objected once to the testimony in this regard. Officer Leigh stated that he was at the station when defendant was brought in. Defense counsel then stated, "I object to the line of questioning. It has no bearing on this case." The court then overruled the objection and Leigh went on to state that defendant was screaming and had to be forcibly taken to the prison area. The trial court was clearly correct in admitting such evidence because it occurred immediately after the arrest and is part of the continuous narrative of events and circumstances that formed the context of the arrest. (See *People v. Alexander*, 69 Ill.App.2d 27, 216 N.E.2d 180, and *People v. Tucker*, 118 Ill.App.2d 136, 255 N.E.2d 31.) Furthermore, it is clearly relevant to defendant's state of mind in regard to the resisting or obstructing arrest offense.

■■ Defendant next contends that he was not convicted of aggravated battery beyond a reasonable doubt. We find that argument to have no merit. Officer Cleghorn testified that he heard defendant utter some obscenities at Walton and saw defendant lunge out of the car. Officer Palmer testified that he saw defendant swing out from the car and hit Walton on the right shoulder. Officer Walton testified that after repeated refusals and obscenities by defendant, he reached into defendant's car to turn his motor off, and defendant lurched out of the car and hit him in the upper right lip. Defendant denied that he used obscene language in conversing with Walton and denied that he struck Walton or any other officer at any time. He stated that Walton simply struck him as soon as he got out of the car. Obviously the jury chose to believe Walton and not the defendant, not surprising considering the glaring inconsistencies between defendant's testimony and the testimony of all the other witnesses in the case. It is well established that the credibility of witnesses and the weight to be given to their testimony is to be determined by the trier of fact who hears and sees the witnesses and is in a better position to evaluate their demeanor and sincerity than is a reviewing court. (*People v. Wysocki*, 20 Ill.2d 62, 169 N.E.2d 264.) We certainly cannot say that the proof here is so unsatisfactory as to justify a reasonable doubt of defendant's guilt.

■■ The jury returned verdicts finding defendant guilty of both the aggravated battery of Officer Walton and resisting or obstructing an arrest by Officer Walton. The trial court then entered judgments on each of the verdicts although no sentence was imposed on the resisting or obstructing arrest conviction. However, both offenses obviously arose out of the same course of conduct or transaction, and the offense of aggravated battery in the instant situation cannot be said to have been independently motivated from the offense of resisting or obstructing. Accordingly, since the conviction for the greater crime of aggravated battery is valid, the conviction entered on the lesser offense of resisting or obstructing must be reversed. *People v. Whittington,* 46 Ill.2d 405, 265 N.E.2d 679; *People v. Leggett,* 2 Ill.App.3d 962, 275 N.E.2d 651; *People v. Holmes,* 12 Ill.App.3d 713, 298 N.E.2d 738 (4th Dist.).

■■ Defendant also contends that the sentence imposed for aggravated battery, 1 to 5 years, is excessive and should be reduced. We find no merit to this argument. We first note that the sentence imposed here is within the statutory limits then applicable. It is also well established that sentence imposition is peculiarly within the discretion of the trial court (*People v. Bonner,* 37 Ill.2d 553, 229 N.E.2d 527). We find no abuse of that discretion here especially in light of the circumstances surrounding the offense and defendant's numerous prior criminal convictions.

For the reasons stated above the conviction for resisting or obstructing a peace officer is reversed and the conviction and sentence imposed for aggravated battery is hereby affirmed.

Reversed in part, affirmed in part and remanded with directions to issue an amended *mittimus.*

TRAPP, P. J., and CRAVEN, J., concur.