THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KEVIN GRADY, Defendant-Appellant.

Fourth District   No. 13635

Opinion filed November 18, 1976.

Richard J. Wilson and Edward R. Green, both of State Appellate Defender's Office, of Springfield, for appellant.

Edmond H. Rees, State's Attorney, of Carlinville (G. Michael Prall, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

Defendant Kevin Grady was indicted for aggravated battery, disobeying a police officer, disorderly conduct, resisting arrest and illegal parking. Verdicts were returned finding defendant guilty of the four latter charges and acquitting him of aggravated battery. The trial court entered judgment on all the guilty verdicts but sentenced defendant only on the most serious offense, resisting arrest, to a 5-month term of imprisonment at Vandalia. Defendant appeals the judgments entered on the verdicts of guilty for disobeying a police officer, disorderly conduct, resisting arrest and illegal parking, on the grounds that all of these offenses arose from the same conduct. That issue requires a somewhat detailed recitation of the facts giving rise to the charges brought.

On the evening of April 30, 1975, the chief of police of Girard, Illinois, Don Dalton, held a training session in the city hall building. At this session, some 12 regular and special assistant Girard policemen were present. Throughout the meeting, there was a great deal of traffic noise emanating from the town square upon which the city hall fronts. As the policemen finished watching a training film, Chief Dalton left the meeting to direct

two cars in front of city hall to move, as they were parked parallel to each other in the street, blocking traffic. Those cars were occupied by the defendant and his brother, Tommy.

Dalton was not wearing his uniform but both the defendant and his brother were aware of his position of authority. He spoke to the defendant through the open window of Grady's car and asked him to move the vehicle. The defendant ignored Chief Dalton and continued talking to his brother Tommy through the other window. After additional requests from Dalton, the defendant responded, "I'd like to see you or anybody else move this car." Dalton then told Kevin he was under arrest and ordered him to get out of the car. Grady refused.

At this point, it is clear only that a scuffle ensued with Dalton reaching into the car to pull the defendant out and the defendant kicking Dalton in both the thumb and the shin. Dalton grabbed hold of defendant's leg and began pulling him out of the car. Defendant was brought out of the car and resisted entry into city hall after being commanded by Chief Dalton to move into that building. The threat of mace and a headlock placed on the defendant by another Girard policeman motivated his entry into the building but not until after he made several threats to several of the policemen present. Throughout this process, defendant profanely cursed the Girard police, and Dalton in particular.

The Illinois Supreme Court ruled in *People v. Schlenger* (1958), 13 Ill. 2d 63, 147 N.E.2d 316, that when two or more offenses arise from the same conduct, only the conviction for the most serious may stand. Not only must the sentence for the other offense be vacated, the judgment of guilty must be vacated as well, because the mere existence of the other judgment serves to prejudice a defendant as police records may carry notations of what will appear to be convictions of separate and unrelated crimes. (*People v. Lilly* (1974), 56 Ill. 2d 493, 309 N.E.2d 1.) In *People v. Williams* (1975), 60 Ill. 2d 1, 322 N.E.2d 819, the supreme court directed the inquiry in such cases to the motivation of the defendant. After *Williams,* the test is not whether the criminal charges arose from a series of closely related acts, but rather whether the crimes are clearly distinct and require different elements of proof. *People v. Meredith* (1976), 37 Ill. App. 3d 895, 347 N.E.2d 55.

It is clear that the judgment entered on the verdict of guilty of illegal parking must be affirmed as the factual basis of that charge is distinct from the other crimes alleged. The offense of illegal parking, both in time and motivation, constitutes separate conduct from the subsequent actions of the defendant here. This is not the case with the remaining three judgments.

We can find no separate distinguishable motive behind the crimes of either resisting arrest, disobeying a police officer, or disorderly conduct

under the circumstances of this case. The disorderly conduct charge arose during the time defendant disobeyed Chief Dalton and resisted arrest by him. Disobedience and resistance to lawful authority had its genesis in defendant's continuous, albeit accelerated, refusal to obey attempts by Chief Dalton to enforce compliance with the traffic laws. The two crimes, in terms of definition, were predicated on the same conduct punctuated by the formal arrest of the defendant. His motivation remained the same throughout. Resisting arrest is a Class A misdemeanor. (Ill. Rev. Stat. 1975, ch. 38, par. 31—1.) This form of disturbing the peace is a Class C misdemeanor. (Ill. Rev. Stat. 1975, ch. 38, par. 26—1(a)(1).) Disobeying a police officer is a Class A misdemeanor but is also a lesser offense. (Ill. Rev. Stat. 1975, ch. 95½, pars. 11—202, 11—203.) The judgments against the defendant for disobeying a police officer and disorderly conduct, as the lesser of the three offenses, must be vacated as stemming from the same conduct. *People v. Wright* (1974), 20 Ill. App. 3d 1039, 313 N.E.2d 666.

The mittimus reflects only the judgment and sentence for the offense of resisting arrest. However, inasmuch as the docket shows that judgment was entered on all the verdicts, the case will be remanded so that the docket entry can be amended to show only the judgments on the most serious offense and the offense of illegal parking which was separately motivated. No amended mittimus need issue.

Affirmed and remanded.

GREEN and REARDON, JJ., concur.