THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KENNETH PICHA, Defendant-Appellant.

Fifth District   No. 75-299

Opinion filed December 30, 1976.

Michael J. Rosborough, of State Appellate Defender's Office, of Mt. Vernon, and David Y. Eberspacher, law student, for appellant.

Howard L. Hood, State's Attorney, of Murphysboro (Bruce D. Irish and James R. Sanders, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

Defendant, Kenneth Picha, was found guilty by a jury of disorderly conduct, resisting arrest, and battery. The court imposed a fine of $25 for disorderly conduct and $50 for each of the other two charges. Defendant appeals from the latter two convictions and presents two questions for review; (1) whether his use of force in resisting Southern Illinois University security officers was justified for reason that these men were not "peace officers" within the meaning of the applicable Criminal Code provision (Ill. Rev. Stat. 1973, ch. 38, par. 2—13), and had no authority as private citizens to effect an arrest; (2) whether the conviction for battery should be reversed because the conduct comprising it arose out of the same conduct supporting the resisting arrest conviction and was not independently motivated or otherwise separable from it.

At approximately 9:30 p.m. on November 6, 1974, defendant and a companion, both students at Southern Illinois University at Carbondale, Illinois, were walking on the S.I.U. campus near the security office complex. As they passed under a pedestrian bridge near the complex, defendant threw a beer glass at and hit the underside of the bridge. The glass shattered and pieces of it fell on a police car parked underneath the bridge in the security office parking lot.

At the time a meeting of University security police officers was being held at the complex. Captain Wendell Graff heard the sound of breaking glass, jumped up, and ran outside. He called security patrolman Robert Gonzenbach and Richard Hudson for assistance. Acting pursuant to Captain Graff's instructions, Hudson and Gonzenbach approached and grabbed defendant. Defendant broke away and ran from the campus security officers. The officers caught defendant and informed him that if he did not cooperate he would be arrested. After breaking away and running a second time, defendant was placed under arrest.

A struggle ensued while the officers attempted to handcuff defendant. Patrolman Gonzenbach testified that defendant struck him on the cheek and knocked his glasses to the ground. Both defendant and his companion testified that Gonzenbach was not struck by the accused, but that his glasses fell from his face after he tripped as he approached defendant. Security officer Darrell O'Nell testified that he did not observe how the glasses fell to the ground. He stated, however, that he found the glasses on the ground immediately after fellow officers Hudson and Gonzenbach had wrestled defendant to the ground and succeeded in handcuffing him.

Defendant contends that his use of force in resisting arrest was justified because the campus security officers were not "peace officers" and had no authority as private citizens to arrest him.

The People answer that defendant has waived this issue by failing to file a post-trial motion. Since defendant either did not file a post-trial motion or failed to have it included in the record on appeal, we would be inclined to deem this issue waived. (*People v. Yetter*, 386 Ill. 594, 54 N.E.2d 532.) Nonetheless, we reach the merits of defendant's contention.

Section 8(10) of "An Act providing for the management * * * of Southern Illinois University" (Ill. Rev. Stat. 1973, ch. 144, par. 658(10)) provides in pertinent part as follows:

> "* * * Members of the [Southern Illinois University] Police Department shall be conservators of the peace and as such have all powers possessed by policemen in cities, and sheriffs, including the power to make arrests on view or warrants of violations of state statutes, university rules and regulations and city or county ordinances, except that they may exercise such powers only within counties wherein the university and any of its branches or

properties are located when such is required for the protection of university properties and interests, and its students and personnel, and otherwise, within such counties, when specifically requested by appropriate State or local law enforcement officials. However, such officers shall have no power to serve and execute civil processes."

Section 2—13 of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 2—13) states:

" 'Peace officer' means any person who by virtue of his office or public employment is vested by law with a duty to maintain public order or to make arrests for offenses, whether that duty extends to all offenses or is limited to specific offenses."

■■ The record in this case shows that officers Gonzenbach and Hudson were employed as members of the Southern Illinois University security force, and as such had power to enforce University rules and regulations and to maintain peace on the S.I.U. campus. Because they were charged with the duty to maintain public order on campus, they came within the definition of "peace officer" as provided by section 2—13 of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 2—13). Within their defined jurisdiction and subject to certain limitations, these officers had the same powers of arrest as policemen in cities and county sheriffs. We believe that their arrest of defendant was in the service of the University's interest in maintaining peace and order on campus and was thereby authorized by statute. Accordingly, we reject defendant's argument that his arrest was illegal because the officers in question were not peace officers.

■■ Likewise without merit is defendant's assertion that officer Gonzenbach was not a peace officer because he only worked part time. The record clearly establishes that Officer Gonzenbach was on duty, in uniform, and attending a security office meeting when defendant engaged in his disruptive, illegal conduct. Gonzenbach was vested by statute with the duty to maintain peace on campus, a duty which he performed in the instant case.

Moreover, defendant's reliance upon *People v. Perry*, 27 Ill. App. 3d 230, 327 N.E.2d 167, and *Arrington v. City of Chicago*, 45 Ill. 2d 316, 259 N.E.2d 22, is misplaced. In *Perry*, the defendant was convicted of a battery which occurred after she resisted the efforts of Chicago Housing Authority guards to arrest her for violation of Chicago's disorderly conduct ordinance. On appeal she contended that the guards were without authority to arrest her and that the guards' attempt to handcuff her was itself a battery, which she was justified in resisting. The Appellate Court, First District, reversed the conviction, ruling that the guards were not peace officers within the meaning of section 2—13 of the Criminal

Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 2—13). The court pointed out that no Illinois statute, including the Housing Authority Act (Ill. Rev. Stat. 1973, ch. 67½, par. 1 *et seq.*), designated the guards as police officers.

In *Arrington*, our Supreme Court ruled that prison guards were not peace officers and thus could not carry their weapons while off duty. The court also noted the absence of any Illinois statute designating prison guards as peace officers. Unlike the situations, in *Perry* and *Arrington*, there is clearly statutory authority for the arrest of defendant by the campus security policemen in question.

Finally, we find defendant's citation of *Enright v. Gibson*, 219 Ill. 550, 76 N.E.2d 689, and *Lindquist v. Friedman's, Inc.*, 366 Ill. 232, 8 N.E.2d 625, inapposite to the instant case. Both cases were tort actions for damages brought after plaintiff had been detained for alleged criminal acts by store personnel. Those cases did not involve a situation where, as here, a statute has granted a University security officer, subject to certain limitations, the powers of a policeman or sheriff within a defined jurisdiction.

Defendant next contends that his conviction for battery must be reversed because the conduct constituting this offense arose out of the same conduct, and was not independently motivated or otherwise separable from the acts comprising the resisting arrest conviction.

The State answers that this issue has been waived for reason that defendant failed to file a post-trial motion. As in the case of defendant's first contention, we would be inclined to deem this issue waived (*People v. Yetter*), but nevertheless reach the merits.

■■ The conduct constituting the battery of security officer Gonzenbach was separable and distinct from the conduct comprising the resisting arrest conviction. Defendant twice ran away from and had to be restrained by both officers Hudson and Gonzenbach. We believe that his subsequent act of hitting Officer Gonzenbach on the left cheek with his fist showed a motivation to do bodily harm to this officer that was separable from and independent of his desire to avoid apprehension by both officers. The two offenses also required separate and distinct elements of proof. Under these circumstances two crimes were committed and there can be two convictions. See *People v. Prim*, 53 Ill. 2d 62, 289 N.E.2d 601, *cert. denied*, 412 U.S. 918, 37 L. Ed. 2d 144, 93 S. Ct. 2731; *People v. Elam*, 39 Ill. App. 3d 705, 350 N.E.2d 832; *People v. Binkley*, 25 Ill. App. 3d 27, 322 N.E.2d 514; *People v. Ike*, 7 Ill. App. 3d 75, 286 N.E.2d 391.

We find *People v. Wright*, 20 Ill. App. 3d 1039, 313 N.E.2d 666, which is relied upon by defendant, distinguishable from the case at hand. In *Wright*, the jury returned verdicts of guilty for both aggravated battery and resisting or obstructing arrest by a peace officer. The appellate court

reversed the resisting arrest conviction, the lesser offense, ruling that both offenses arose out of the same course of conduct and were not independently motivated. The facts of that case show only one victim, a police officer. Defendant hit the officer first and then scuffled with him. Other officers arrived to assist the officer and handcuffed defendant. In the instant case two officers were initially involved and defendant committed the acts constituting the offense of resisting arrest before he hit Officer Gonzenbach. He had run away from and had to be caught twice by both officers before he committed the battery.

For the foregoing reasons, we affirm the judgment of the circuit court of Jackson County.

Affirmed.

CARTER, P. J., and G. J. MORAN, J., concur.