THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRANK L. RAKAS *et al.*, Defendants-Appellants.

Third District   No. 75-286

Opinion filed March 23, 1977.—Rehearing denied April 13, 1977.

G. Joseph Weller and Robert Agostinelli, both of State Appellate Defender's Office, of Ottawa, for appellants.

L. Patrick Power, State's Attorney, of Kankakee (Michael Weinstein and James E. Hinterlong, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

This is an appeal from the armed robbery convictions of Frank L. Rakas and Lonnie L. King following a jury trial in the Circuit Court of Kankakee County. Defendant Rakas was sentenced to 16 to 30 years imprisonment and defendant King was sentenced to a term of imprisonment of 8 to 24 years.

■■ ■ The incident which formed the basis of the multicount indictment charging armed robbery against each defendant was an evening robbery of the Robert Hall clothing store in Bourbonnais, Illinois, on February 4, 1975. One count charged the defendants with taking property from the cashier of the store, another with taking the ignition key to the car of Billy Glenn Woods, a stockboy, at the store, and a final count with taking the automobile belonging to Woods. Defendants contend that the court erred in entering judgments of conviction upon all three armed robbery offenses because they claim the charges arose from a single course of conduct. The State concedes that under the authority of *People v. Whittington* (1970), 46 Ill. 2d 405, 265 N.E.2d 679, the trial court

should not have entered judgments of conviction on both the counts charging defendants with armed robbery of the ignition key and the automobile belonging to Woods (Counts II and III of the indictment). Both of those charges did arise out of the same conduct and in time and motivation were not separate and distinct offenses. Of those two only the judgment of conviction on the armed robbery of Woods' automobile (Count III) should stand. The judgment of conviction of armed robbery of the cashier at the Robert Hall store was a separate distinct offense from the armed robbery of the automobile. Although the other two robberies coincided in time they were of two separate persons and with a separate distinct motivation for each. We find no error in entering judgments of convictions based on those two charges of armed robbery. (*People v. Grady* (4th Dist. 1976), 43 Ill. App. 3d 473, 357 N.E.2d 230.) Several Illinois cases have found that a criminal defendant can be convicted and sentenced for more than one armed robbery when property is taken simultaneously from more than one victim. (*People v. Butler* (1976), 64 Ill. 2d 485, 356 N.E.2d 330; *People v. Prim* (1972), 53 Ill. 2d 62, 289 N.E.2d 601; *People v. Terry* (5th Dist. 1976), 38 Ill. App. 3d 517, 347 N.E.2d 869.) We agree.

■■ Of the other issues raised by defendants several can be summarily decided. Firstly, defendants argue that the trial court erred in denying their motion to suppress evidence seized during an unlawful search of an automobile not belonging to either of the defendants but in which they were riding as passengers of a girl friend. We conclude, as the trial court did, that the defendants lacked standing to complain of the allegedly unlawful search and seizure. Several recent Illinois cases have well established that without a proprietary or other similar interest in an automobile, a mere passenger therein lacks standing to challenge the legality of the search of the vehicle. (See *People v. French* (1965), 33 Ill. 2d 146, 210 N.E.2d 540 (car searched belonged to defendant's friend and owner did not consent to the search); *People v. Pohlmann* (4th Dist. 1973), 13 Ill. App. 3d 779, 300 N.E.2d 302 (where defendant not owner and not present at time of search); *People v. Almeido* (1st Dist. 1976), 39 Ill. App. 3d 197, 350 N.E.2d 191 (where car was stolen); *People v. Washington* (2d Dist. 1976), 41 Ill. App. 3d 475, 354 N.E.2d 501 (where car belonged to defendant's girlfriend); *People v. Glanton* (1st Dist. 1975), 33 Ill. App. 3d 124, 338 N.E.2d 30 (where defendant not owner, not present, and had no control over garage searched); and *People v. Heflin* (2d Dist. 1976), 40 Ill. App. 3d 635, 351 N.E.2d 594 (search of defendant's car; brother of defendant controlling and consenting).) We believe that defendants failed to establish any prejudice to their own constitutional rights because they were not persons aggrieved by the unlawful search and seizure. The search and seizure was not directed against the defendants and they were

not victims of it. They wrongly seek to establish prejudice only through the use of evidence gathered as a consequence of a search and seizure directed at someone else and fail to prove an invasion of their own privacy. *Alderman v. United States* (1969), 394 U.S. 165, 22 L. Ed. 2d 176, 89 S. Ct. 961.

■■ Defendants also contend that the evidence failed to prove beyond a reasonable doubt that defendants were the perpetrators of the armed robbery charged. The thrust of their argument is based on the occurrence witnesses' inability to see the masked robbers' features, and that only Bill Woods could identify the rifle recovered as the one used in the robbery. The defendants also claim that the fact the denominations and amount of money found on defendants and their female companions were similar to the amount taken in the robbery was not incriminating, and that the lack of other circumstantial evidence because of the failure to find any masks or other clothes allegedly used in the robbery on defendants' persons or discarded along the highway eliminated the possibility of guilt beyond a reasonable doubt. We have viewed the record and are convinced that the identification testimony of the occurrence witnesses and the other circumstantial evidence was not doubtful or conflicting and supports the jury's guilty verdicts. It is not the duty of a reviewing court to substitute its judgment as the weight of disputed evidence or the credibility of witnesses for the jury. That function is for the trier of fact who heard the evidence presented and observed the demeanor of the witnesses. (*People v. Novotny* (1968), 41 Ill. 2d 401, 244 N.E.2d 182.) The evidence here was not so improbable or so unsatisfactory as to raise a reasonable doubt of guilt.

■■■ Defendants present the issue of whether they were unfairly prejudiced by allegedly improper closing argument of the prosecutor. The prosecutor, over the objection of defendants' counsel, argued in closing that the defendants retained the rifle, instead of discarding it like the clothing allegedly used in the robbery, because it was valuable, and defendants could "use it in other armed robberies." The prosecutor made those remarks in response to the defendants' counsel injecting the subject matter during closing argument. We believe that the defense counsel provoked a part of the State's improper argument. The defendants have not persuaded us that the comment although improper, would have caused the jury to reach a different verdict had the comment not been made. The error, here, did not contribute to defendant's conviction and was clearly harmless error. (*Harrington v. California* (1969), 395 U.S. 250, 23 L. Ed. 2d 284, 89 S. Ct. 1726; *Chapman v. California* (1967), 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824; *People v. Mostert* (3d Dist. 1976), 34 Ill. App. 3d 767, 340 N.E.2d 300.) Defendants also find error with the prosecutor's comment that the evidence indicated that one of the robbers

had a southern accent. Defendants' contention is that the comment was an improper comment upon facts not in the record. From an examination of the record it appears that although testimony concerning one of the robbers having a southern accent "like southern Illinois" was objected to by the defense, only the portion referring to southern Illinois was sustained and stricken. The testimony concerning a southern accent generally was not stricken and no further objection was made. The argument is without merit as the prosecutor may comment upon facts preserved in the record.

■■  The final claim of error is that the trial court erred in refusing to give Illinois Pattern Jury Instruction, Criminal, No. 3.02 in its entirety. The State tendered and the court gave the first paragraph of IPI—Criminal No. 3.02. The court refused however to give the second paragraph, which provides:

> "You should not find the defendant guilty unless the facts and circumstances proved exclude every reasonable theory of innocence."

The committee comments to the Pattern Jury Instructions state that the second paragraph to IPI—Criminal No. 3.02 should be given *only* when the proof of guilt is *entirely* circumstantial. Defendants argue that the proof of guilt in the instant case was entirely circumstantial. Without an extended discussion of the dichotomy between direct and circumstantial evidence, we believe there was some direct evidence in the form of the gun found with defendants and identified by a prosecution witness as the one used in the robbery. Because there was some direct evidence the court was correct in refusing to give the second paragraph of IPI—Criminal No. 3.02. *People v. Minish* (3d Dist. 1974), 19 Ill. App. 3d 603, 312 N.E.2d 49; *People v. Bolton* (3d Dist. 1976), 35 Ill. App. 3d 965, 343 N.E.2d 190; *People v. Fletcher* (3d Dist. 1976), 40 Ill. App. 3d 537, 352 N.E.2d 10.

Accordingly the judgments of conviction of defendants on Count II of the indictment are reversed, while the judgments of conviction and sentences imposed on the other counts of the indictment are affirmed in all respects.

Reversed in part and affirmed in part.

STENGEL, P. J., and SCOTT, J., concur.