THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PATRICIA GRICE, Defendant-Appellant.

First District (4th Division)   No. 77-1227

Opinion filed May 4, 1978.

Stanley L. Hill, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Mary Ann Callum, and Stephen D. Ferrone, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE ROMITI delivered the opinion of the court:

Defendant Patricia Grice was convicted of criminal damage to property (Ill. Rev. Stat. 1977, ch. 38, par. 21—1(a)), after a bench trial, and she was sentenced to a term of one year probation. The issues presented for review are whether the evidence was sufficient to prove defendant guilty beyond a reasonable doubt, and whether the court

committed reversible error by considering evidence relating to child custody proceedings between defendant and her former husband, who is now married to the complainant.

We affirm.

The complainant Essie Bogan testified that at about 10 p.m. on Sunday, January 16, 1977, she heard someone knocking and banging on her front door. She pulled the curtain aside and saw defendant standing there. Defendant is her husband's former wife and the mother of her husband's minor son who was living with complainant and her husband. Defendant demanded that she send her husband outside and when he opened the door she cursed him and said she wanted to talk about their child. Complainant's husband closed the door, stating he did not have to deal with that. Defendant then went outside, took an object from her purse and pointed it at the complainant's car, a 1975 Cadillac. There was a popping sound. The complainant stated her husband went out to look at the car a "couple of hours later" and he told her there was a hole in the front of the car. She observed the damage herself about 6:30 the next morning when she saw the hole above the headlights and noticed the tire was flat.

The complainant attempted to call the office of the State's Attorney on Monday morning as she had been advised to do because of the ongoing hostilities between her husband and defendant. She also called her own attorney on both Monday and Tuesday, but did not talk to him until he returned her calls Tuesday night at home. She finally called the police several days after the incident and signed a complaint against defendant.

Ronald Bogan, complainant's husband, testified he married defendant in 1964, and they were divorced in 1966. They had one son who was born in 1965, and the child lived with him and the complainant pursuant to a court order. He was asked the nature of the order and there was an objection by defense counsel which was overruled. Mr. Bogan then stated there had been a custody dispute between him and defendant. He was asked whether the custody dispute had become "heated" but a defense objection was sustained.

Mr. Bogan testified that at about 10 p.m. on Sunday, January 16, 1977, defendant had banged loudly on the door. He partially opened the door after being called by his wife and defendant swore at him. She stated she wanted to see her child, and if she was not let in he and the complainant would get "jumped on and beat on." He closed the door and she returned to her car. She then removed a shiny metal object from her purse and made a downward motion at the Cadillac which was accompanied by a crisp "pop-like" noise. She then drove away.

He got up at 4 or 4:30 the next morning and noticed damage to the vehicle. When he took the car to have the tire repaired, he examined the

tire and found a piece of metal which could have been lead. Mr. Bogan also indicated defendant called him at his office on the following Wednesday, and he had to leave a meeting to talk to her.

The State inquired into whether he had discussed the welfare of his son with his former wife. There was an objection which was sustained, with the trial court stating it failed to see the relevancy of the matter. Defense counsel requested that the testimony relating to the custody case be stricken and disregarded by the court. The court then stated it would strike only that portion of the testimony after the characterization of the custody case as being "heated."

Arlene K. Scott, who lived with defendant, and a friend, Fred Blunt, both testified that defendant was with them between 10 and 10:30 p.m. on January 16, 1977. Defendant corroborated their testimony and denied owning a gun.

## I.

Defendant first contends there was insufficient evidence to find her guilty beyond a reasonable doubt, alleging the testimony of the State's witnesses was improbable and contrary to human experience, and the alibi witnesses were not impeached. Defendant specifically calls attention to the fact that complainant stated her husband discovered the damage "a couple of hours" after the incident, and he testified that he did not discover the damage until he went out at 4:30 the next morning, a period in excess of that indicated by complainant.

In addition, defendant suggests it is unreasonable to believe the Bogans would wait that length of time to check the damage after seeing someone shoot at their car. She further states the Bogans' credibility is called into question by the fact that the police were not called until 3 days later. Defendant asserts that the real motivation for calling the police was the telephone call to Mr. Bogan which required him to leave a meeting, and they fabricated the story about damage to their car.

It is fundamental that a reviewing court cannot substitute its judgment for that of the trier of fact on questions involving either the credibility of the witnesses or the weight of the evidence. (*People v. Jones* (1975), 60 Ill. 2d 300, 325 N.E.2d 601; *People v. Rakas* (1977), 46 Ill. App. 3d 569, 360 N.E.2d 1252.) And in a bench trial it is for the trial court to decide the guilt of the defendant and we should not set aside its judgment unless proof is so unsatisfactory as to cause a reasonable doubt of guilt to appear. *People v. Lofton* (1977), 69 Ill. 2d 67, 370 N.E.2d 517; *People v. Rawls* (1978), 57 Ill. App. 3d 702, 373 N.E.2d 742.

■■ ■ After reviewing the record we find the discrepancies and improbabilities alleged by defendant are insignificant and do not detract from the reasonableness of the Bogans' testimony taken as a whole.

(*People v. Brown* (1975), 32 Ill. App. 3d 182, 336 N.E.2d 523.) The variance in testimony as to when the damage was discovered could very well have been a semantic problem, and the delay in examining the car can be explained by considerations of safety in light of evidence that defendant was hostile and possessed a gun. We also find that a delay of 3 days in reporting the incident to the police was explainable by the circumstances of ongoing hostilities between the parties and does not render the complainant's testimony improbable. Moreover, the fact that the alibi testimony presented by the defense was not impeached is not determinative of the issue and the trier of fact is not bound to believe it *People v. Smith* (1977), 52 Ill. App. 3d 583, 367 N.E.2d 756; *People v. Van Pelt* (1974), 18 Ill. App. 3d 1087, 311 N.E.2d 184.

## II.

■■ Defendant next contends the court erred by considering testimony concerning the child custody proceedings between defendant and her former husband. She argues that no connection between those proceedings and the circumstances of this case was ever established. The record indicates the portion of the testimony on that subject not stricken by the court suggested merely that the minor child had been awarded to the Bogans after contested proceedings, and it would appear defense counsel acquiesced in that determination at trial. We also find that testimony was relevant to prove a motive for defendant's action. Although the State is not required to show motive, it is probative of whether defendant committed the act and is admissible even though it might also have a tendency to prejudice the accused. *People v. Harden* (1972), 6 Ill. App. 3d 172, 175, 284 N.E.2d 716; *People v. Richards* (1970), 120 Ill. App. 2d 313, 336, 256 N.E.2d 475; *People v. James* (1965), 62 Ill. App. 2d 225, 210 N.E.2d 804.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Judgment affirmed.

JOHNSON, P. J., and DIERINGER, J., concur.