THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TOMMIE E. CRAWFORD, Defendant-Appellant.

Fourth District  No. 4—86—0441

Opinion filed March 11, 1987.

Joseph Vigneri, of Decatur, for appellant.

Jeffrey K. Davison, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and Linda Cullom, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

On May 21, 1986, following a jury trial in the circuit court of Macon County, defendant, Tommie E. Crawford, was convicted of the offense of resisting a peace officer. He was subsequently sentenced to pay a fine of $150 plus costs. On appeal, defendant maintains (1) the evidence was insufficient to prove beyond a reasonable doubt his guilt of the offense of resisting a peace officer; and (2) he was denied a fair trial by the State's closing argument. We affirm.

Police officer Richard Steil testified at trial that (1) he was called to investigate a fight in progress; (2) when he arrived at the scene of the fight, he saw four men, including defendant, holding pieces of brick and a stick; (3) those men then said that two other men had pulled guns on them; (4) the four men then began running toward the men with guns, and a "shouting match" ensued; (5) he, Steil, separated the men and began questioning defendant's brother, Robert Crawford; (6) defendant approached Steil, yelling at Steil to leave his brother alone; and (7) Steil then placed defendant under arrest. Steil said that after he had placed defendant under arrest (1) defendant pulled away; (2) Steil and another officer forced defendant to hold onto the truck lid of the car; and (3) they placed handcuffs on defendant. Steil testified that defendant was struggling and trying to "come up off the car." He stated that it took them approximately 20 to 30 seconds to search defendant and place handcuffs on him.

Police officer Brian Bell substantially corroborated Steil's testimony and said that defendant was yelling and was being profane and boisterous. Bell also testified that, when he and Steil attempted to ar-

rest defendant, defendant attempted to pull away, struggled and caused the officers to use physical force to take him into custody. Defendant testified that he approached Steil and asked, in a conversational tone, what was going to be done about the person who displayed the shotgun. He said that Steil then placed him under arrest, walked him toward the squad car, "slammed" him down onto the car and handcuffed him. He said he did not shout or use profanities.

■ To obtain a conviction for resisting a peace officer, the State is required by the terms of section 31—1 of the Criminal Code of 1961 to prove that an accused "knowingly resist[ed] or obstruct[ed] *** a peace officer of any authorized act within his official capacity." (Ill. Rev. Stat. 1985, ch. 38, par. 31—1.) The question of whether defendant's guilt was established beyond a reasonable doubt is primarily a question for the trier of fact. It is a function of the trier of fact to resolve conflicts in the testimony presented at trial, and a finding of guilty by the trier of fact will not be disturbed on review unless no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789; see also *People v. Collins* (1985), 106 Ill. 2d 237, 478 N.E.2d 267.

■ Section 31—1 prohibits the resistance of a peace officer's performance of an authorized act. "Resistance" has been defined as " 'withstanding the force or effect of' " or the " 'exertion of oneself to counteract or defeat.' " (*Landry v. Daley* (N.D. Ill. 1968), 280 F. Supp. 938, 959.) That court further explained that the statute "proscribe[d] only some physical act which imposes an obstacle which may impede, hinder, interrupt, prevent, or delay the performance of the officer's duties." 280 F. Supp. 938, 959.

Defendant's reliance on *City of Pekin v. Ross* (1980), 81 Ill. App. 3d 127, 400 N.E.2d 992, *People v. Karlovich* (1973), 10 Ill. App. 3d 354, 293 N.E.2d 655, and *People v. Flannigan* (1971), 131 Ill. App. 2d 1059, 267 N.E.2d 739, in support of his contention that his conviction should be reversed, is misplaced. In all three cases, a conviction for resisting a peace officer was reversed because the evidence was insufficient to support a conviction. In *Ross*, the court noted that defendant's act of pulling his arms down because of the severe pain caused by the officer's handcuffing technique was not enough to constitute resistance. In *Karlovich*, defendant's resistance was induced by the officer's spraying of mace in defendant's face. Here, there was no clear proof, as in *Ross* or *Karlovich*, that defendant's resistance resulted from an almost reflexive response to the force used by the arresting officer. Thus, both cases are inapposite.

The facts here are most like those in *Flannigan*. There, upon the arresting officer's request for the defendant to leave his car, defendant did not do so immediately, "wanted to give his car keys to his girl friend" rather than allow the officer to take them, "intended to argue with [the officer]" and "jerked his arm away" when the officer attempted to take him to the squad car. (*People v. Flannigan* (1971), 131 Ill. App. 2d 1059, 1063, 267 N.E.2d 739, 742.) He did not refuse to go or attempt to escape. The court, noting that the conduct was not the "paragon of cooperation," held that it did not amount to resistance of a peace officer within the meaning of the statute. 131 Ill. App. 2d 1059, 1063, 267 N.E.2d 739, 742.

Although defendant's conduct here is, in many respects, no more "resisting" than Flannigan's, the decision of that court is not binding on this court, and we choose not to follow it. A person may not use force to resist an arrest by one whom he knows to be an officer of the law, even if the arrest is unlawful. (*People v. Carroll* (1971), 133 Ill. App. 2d 78, 272 N.E.2d 822.) He may inquire as to its reason; he may point out the officer's mistake; he may protest and argue; but he may not impede the arrest by physical action. 133 Ill. App. 2d 78, 80-81, 272 N.E.2d 822, 824.

The jury here could have believed the officer's testimony. We find that evidence of resistance to be sufficient to support a jury's determination that defendant's guilt was proved beyond a reasonable doubt.

Defendant's second contention is that he was denied a fair trial by the State's closing argument. Defendant maintains that, since he was charged with the offense of resisting his own arrest, the State improperly argued to the jury that defendant was guilty because he interfered with the police questioning of his brother. Defendant concedes that he did not object to this argument but claims that it constitutes plain error, and this court should reverse. We disagree.

While the prosecutor did mention in closing argument that defendant interfered with the officer's attempt to interrogate defendant's brother, the prosecutor clearly pointed out that defendant had resisted the attempts of the police officers to effectuate the arrest by searching defendant and placing handcuffs on him. Accordingly, we do not find the defendant to have been substantially prejudiced by the argument.

For the reasons stated, the decision of the trial court is affirmed.

Affirmed.

SPITZ, P.J., and McCULLOUGH, J., concur.