THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
EDWARD MILLER, Defendant-Appellant.

First District (5th Division) No. 1—88—1520

Opinion filed May 25, 1990.

604

Patrick Mahoney & Associates, P.C., of Chicago, for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Marie Quinlivan Czech, Special Assistant State's Attorney, and Inge Fryklund and Timothy F. Moran, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GORDON delivered the opinion of the court:

Following a bench trial, defendant, Edward Miller, was found guilty of resisting a peace officer (Ill. Rev. Stat. 1987, ch. 38, par. 31—1), but found not guilty of battery (Ill. Rev. Stat. 1987, ch. 38, par. 12—3), and he was sentenced to one year's court supervision. On appeal, defendant contends that: (1) the trial court's findings of not guilty of battery and guilty of resisting a peace officer were legally inconsistent; and (2) the State failed to prove him guilty of resisting a peace officer beyond a reasonable doubt. We affirm.

Officer Sanchez testified on behalf of the State that at 11:05 p.m., on September 28, 1987, he responded to a call that shots had been fired on South Racine. He was dressed in plain clothes and drove in an unmarked car. When he arrived at South Racine, he was informed that the suspects were at a restaurant called the Steak and Egger. At the restaurant, he saw defendant and Christopher Coughlin standing by a truck. Sanchez identified himself as a police officer and asked defendant what he was doing in that area. Defendant became "argumentative" and used profane language. Defendant also "backed away" when Sanchez attempted to "pat him down." When Sanchez "touched" defendant, defendant swung and struck him on the shoulder, after which a "struggled ensued" and defendant was wrestled to the ground. Defendant was subsequently placed under arrest, and a box of ammunition was retrieved from the truck. On cross-examination, Sanchez denied that he hit defendant with a flashlight or that he had a flashlight in his possession on that day. Sanchez also stated that he wore his police star on his belt.

Defendant testified on his own behalf that on September 28, he had dinner at the Steak and Egger restaurant with Coughlin, after which they went to a tavern and consumed alcoholic beverages. They were at the tavern for approximately three hours when defendant left the tavern for some fresh air. While walking down the street, three men accosted defendant and demanded money. Coughlin, who earlier testified that he went out to search for defendant, pulled up in his truck next to defendant. Defendant got into the truck with Coughlin. As they drove off, one of the men fired at the truck, breaking the back window and hitting the windshield. They drove back to the Steak and Egger restaurant, which they knew to be well frequented by police officers. When they arrived there, Coughlin remained in the truck while defendant went in to report the incident to police officers seated in the restaurant. While reporting the incident, he noticed that police vehicles were entering the restaurant's parking lot. He then went out to talk to one of the uniformed police officers

that had just driven in. As he was reporting the incident to that officer, a man dressed in plain clothes, who did not identify himself, grabbed him by the shoulder and spun him around. That man was Officer Sanchez.

Defendant denied punching Sanchez, but admitted pushing him to find out who he was. After pushing Sanchez, defendant backed away from him. At this point two officers grabbed and handcuffed him. While he was being handcuffed, he was hit by a flashlight in the head. He was later taken to a hospital because his head was bleeding profusely.

Coughlin also testified on behalf of the defense to essentially the same events that defendant testified to except that he stated that following the incident with Sanchez, he filed a complaint with the police department about the manner in which defendant was treated. On cross-examination, Coughlin testified that he and the defendant had been drinking alcoholic beverages for three hours.

At the conclusion of the evidence, the trial court found defendant not guilty of battery, stating that "[w]ith respect to the battery charge I don't believe the State has sustained its burden of proof, intentionally and knowingly. This was an altercation, something arose and for that reason, there will be a finding of not guilty." On the resisting a peace officer charge, however, the trial court found defendant guilty and it stated that: "I believe that there was sufficient evidence to warrant a finding of guilt and that will be the finding on that charge." Defendant was sentenced to one year's court supervision.

Defendant contends that the trial court rendered legally inconsistent findings when it found him not guilty of battery on the ground that the State failed to prove that he acted intentionally or knowingly, but then found him guilty of resisting a peace officer, which also requires proof that defendant acted knowingly. Defendant argues that if the trial court found that the "knowing" element had not been proven for the battery charge, it could not then find that the same element had been proven for the resisting a peace officer charge. We disagree because we find no legal inconsistency in the trial court's findings.

A legal inconsistency has been defined as follows:

"Verdicts of guilty of crime A but not guilty of crime B, where both crimes arise out of the same set of facts, are legally inconsistent when they necessarily involve the conclusion that the same essential element or elements of each crime were found both to exist and not to exist." (*People v. Murray*

(1975), 34 Ill. App. 3d 521, 531, 340 N.E.2d 186, 194.)
Thus, in determining whether the trial court's findings in the present case were legally inconsistent, we must determine whether the crimes of battery and resisting a peace officer are composed of the same essential element(s).

The statutory definition of battery is that defendant

"intentionally or knowingly without legal justification and by any means, (1) cause[d] bodily harm to an individual or (2) [made] physical contact of an insulting or provoking nature with an individual." (Ill. Rev. Stat. 1987, ch. 38, par. 12—3.)

The definition of resisting or obstructing a peace officer is that defendant

"knowingly resists or obstructs the performance by one known to the person to be a peace officer of any authorized act within his official capacity." (Ill. Rev. Stat. 1987, ch. 38, par. 31—1.)

Therefore, the essential element of battery is the causing of bodily harm or the "making of contact" of an insulting or provoking nature, while the essential element of resisting a peace officer is "resistance."

Though both crimes require a "knowing" mental state, that mental state only has meaning with reference to the specific conduct proscribed by the statute defining the offense. Section 4—5 of the Illinois Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 4—5) defines the "knowing" mental state as follows:

"A person knows, or acts knowingly or with knowledge of:

(a) The nature or attendant circumstances of his conduct, described by the statute defining the offense, when he is consciously aware that his conduct is of such nature or that circumstances exist. Knowledge of a material fact includes awareness of the substantial probability that such fact exists.

(b) The result of his conduct, described by the statute defining the offense, when he is consciously aware that such result is practically certain to be caused by his conduct ***." (Ill. Rev. Stat. 1987, ch. 38, pars. 4—5(a), (b).)

Under section 4—5, a defendant is deemed to have acted knowingly if he was consciously aware that: (1) his conduct was of such nature as the conduct defined in the statute defining the offense; or (2) his conduct was practically certain to cause that result, provided that the offense is defined in terms of a particular result. *People v. Herr* (1980), 87 Ill. App. 3d 819, 409 N.E.2d 442.

The "knowing" element of battery is different than the

"knowing" element of resisting a peace officer. The fact that a conscious awareness that one's conduct is practically certain to result in bodily harm, thereby resulting in a battery, is separate and distinct from a conscious awareness that that same conduct will impede or delay a peace officer from performing his duties is demonstrated by *People v. Picha* (1976), 44 Ill. App. 3d 759, 358 N.E.2d 937. In *Picha*, the defendant was apprehended by campus police officers after a beer glass defendant had thrown shattered and fell on police cars. Defendant twice ran away from the officers, and when he was caught, he was placed under arrest. While the officers attempted to handcuff him, a struggle ensued and defendant struck one of the officers on the cheek, knocking his glasses to the ground. The defendant was convicted of battery and resisting a peace officer. On appeal, defendant sought the reversal of the battery conviction because the conduct comprising it arose out of the same conduct supporting the resisting arrest conviction. In affirming the defendant's conviction of battery and resisting arrest, the *Picha* court recognized that both offenses were composed of different mental states when it stated:

> "[T]he subsequent act of hitting officer Gonzenbach on the left cheek with his fist showed a motivation to do bodily harm to this officer that was separable from and independent of his desire to avoid apprehension [resisting arrest] by both officers." *Picha*, 44 Ill. App. 3d at 763, 358 N.E.2d at 940.

Likewise in the present case, because the requisite mental states of the two offenses are not similar, a finding by the trial court that the mental state of battery had not been established did not negate the mental state of resisting a peace officer. Nor did that finding negate any of defendant's actions, including the striking of Sanchez.

Even if the finding of the trial court would have effectively negated the striking, it would not negate the pushing which ensued under defendant's version of the facts. Moreover, such a finding does not connote a rejection of the testimony that defendant struggled with the policeman and wrestled with him, to which the trial judge alluded in stating that he believed that there was an "altercation" between Sanchez and defendant.

The facts in the present case are unlike those in *People v. Pearson* (1973), 16 Ill. App. 3d 543, 306 N.E.2d 539, where a legal inconsistency was found when a defendant was acquitted on precisely the same evidence that supported his conviction on the other offense. In *Pearson*, the defendant was charged with aggravated assault and armed violence, arising out of the alleged firing of a handgun at two

police officers. The defendant was found not guilty of armed violence, but guilty of aggravated assault. Despite the fact that the statutory definition of the two offenses involved different elements, the court found that both offenses were supported by the same evidentiary facts. The court noted that the trial court necessarily found that the defendant committed an assault while in possession of a deadly weapon, and that if the defendant committed the assault while armed with a deadly weapon, he also committed armed violence. The court reasoned that because the evidence that the defendant was committing assault while armed with a deadly weapon would suffice to convict for both the aggravated assault and the armed violence charges, the trial court's findings of guilty on one and not guilty on the other were legally inconsistent, and the conviction could not stand. The court reversed the aggravated assault conviction. On the issue of whether the case should be remanded for a new trial, the *Pearson* court held that collateral estoppel applied to bar a retrial of the aggravated assault conviction since it would cause the defendant to relitigate an essential element of which he had previously been acquitted. *Pearson*, 16 Ill. App. 3d 543, 306 N.E.2d 539.

Unlike the facts in *Pearson*, the evidence in this case supporting the battery charge was not necessarily the same evidence that supported the charge of resisting a peace officer. Moreover, because the elements of two crimes were not coextensive, defendant's conviction of resisting a peace officer did not entail the relitigation of an essential element of battery and, therefore, does not involve the application of collateral estoppel principles.

Defendant cites to *People v. Munday* (1985), 134 Ill. App. 3d 971, 481 N.E.2d 338, and *People v. Frias* (1983), 99 Ill. 2d 193, 457 N.E.2d 1233, as support for his contention that the trial court rendered legally inconsistent findings. *Munday*, however, does not support defendant's contention here, since the *Munday* court held that there was no legal inconsistency.

The other case cited by defendant, *People v. Frias* (1983), 99 Ill. 2d 193, 457 N.E.2d 1233, is distinguishable from the present case. In *Frias*, the Illinois Supreme Court held that a jury's guilty verdict of armed violence was legally inconsistent with an acquittal of murder because the armed violence offense was predicated on murder as an underlying felony. The court reasoned that if the elements of murder were not established, the armed violence offense could not be sustained because the statutory definition of armed violence required establishment of the underlying felony, murder. The present case is distinguishable from *Frias* because the offense of resisting a peace

officer, for which defendant was convicted, was not predicated on the elements of battery being established. Resisting a peace officer is a separate crime which does not require establishment of battery. *People v. Pickett* (1975), 34 Ill. App. 3d 590, 340 N.E.2d 259; see also *People v. Picha* (1976), 44 Ill. App. 3d 759, 358 N.E.2d 937.

Since both offenses consist of different essential statutory elements, and since the proof of each offense was not contingent upon the same evidence as was the case in *People v. Pearson* (1973), 16 Ill. App. 3d 543, 306 N.E.2d 539, there is no legal inconsistency in the court's findings.

■■ Although not argued by defendant, we should consider whether defendant would be entitled to a reversal for findings which are not legally inconsistent but which nevertheless could be characterized as logically inconsistent. Findings are logically inconsistent when they can be construed to involve both an acceptance and rejection on the same theory of the case for the State or the defense. (*People v. Murray* (1975), 34 Ill. App. 3d 521, 340 N.E.2d 186.) However, such possible inconsistency will not be a factor to "contribute to a finding that the prosecution has not met its burden of proof," unless such construction is the only one possible. *People v. Buford* (1982), 110 Ill. App. 3d 46, 55, 441 N.E.2d 1235, 1242; *Murray*, 34 Ill. App. 3d at 532, 340 N.E.2d at 194.

■■ The findings here do not compel a conclusion that the trial court accepted and rejected the same theory of the case and are thus not necessarily inconsistent. As stated earlier, the elements of both offenses were different. In finding defendant not guilty of battery on the ground that the mental state of battery had not been established, the trial court was not rejecting evidence that supported either the mental state of resisting a peace officer, or that the conduct, namely the striking, constituted resistance. As stated earlier, even if that finding negated the act of striking as well, it would not connote a negation of the "pushing" which defendant admitted or the ensuing struggle to which the police officer testified.

Defendant next contends that the State otherwise failed to prove him guilty of resisting a peace officer beyond a reasonable doubt. Defendant argues that his conduct did not constitute resistance and that there was no evidence that he knew that Sanchez was a police officer. We disagree.

■■ ■ To obtain a conviction for resisting a peace officer, the State is required to prove that the defendant "knowingly resist[ed] or obstruct[ed] *** a peace officer of any authorized act within his official capacity." (Ill. Rev. Stat. 1987, ch. 38, par. 31—1.) "Resist-

ance" is defined in *Landry v. Daley* (N.D. Ill. 1968), 280 F. Supp. 938, as "withstanding the force or effect of," or "the exertion of oneself to counteract or defeat." (*Landry*, 280 F. Supp. at 959.) That court construed the statute to proscribe only those physical acts that impose an obstacle which may impede, hinder, interrupt, prevent or delay the performance of an officer's duties. (280 F. Supp. 938.) The acts of struggling and wrestling with a peace officer are physical acts that constitute "resistance" (*People v. Crawford* (1987), 152 Ill. App. 3d 992, 505 N.E.2d 394) and will support a conviction for resisting a peace officer even if the underlying attempted arrest was unwarranted. *Crawford*, 152 Ill. App. 3d 992, 505 N.E.2d 394; *People v. Fort* (1968), 91 Ill. App. 2d 212, 234 N.E.2d 384.

 Defendant maintains on appeal that he neither wrestled nor struggled but only backed away from Sanchez and that the only touching occurred when the officer grabbed defendant and spun him around. This view negates defendant's own testimony that he pushed Sanchez away before backing away. Moreover, it is not the function of the reviewing court to substitute its judgment for that of the trier of fact on questions relating to the credibility of witnesses. (*People v. Sanchez* (1987), 115 Ill. 2d 238, 503 N.E.2d 277.) The trier of fact could have disbelieved defendant entirely and concluded that he in fact struggled and wrestled with Sanchez as testified by the prosecution's witness. Defendant also maintains that he did not know that Sanchez was a police officer because he neither wore his police uniform nor displayed his police star. The trier of fact, however, could have concluded that defendant in fact knew that Sanchez was a police officer in view of Sanchez's testimony that he twice announced that he was a police officer, and in light of defendant's testimony that immediately before he met Sanchez, there were several police officers in the restaurant and in the restaurant's parking lot. Moreover, defendant testified that he was talking to a uniformed police officer when grabbed by Sanchez, yet he does not allude to any reaction from the uniformed policeman or to any attempt on his part to recruit the uniformed police officer's assistance.

The relevant question, when presented with a challenge to the sufficiency of the evidence is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements *** beyond a reasonable doubt." (Emphasis in original.) (*People v. Collins* (1985), 106 Ill. 2d 237, 261, 478 N.E.2d 267, 277.) A criminal conviction will not be set aside unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of defendant's guilt. *Collins*, 106 Ill. 2d at

261, 478 N.E.2d at 277.

We therefore conclude that after viewing the record in a light most favorable to the State, a rational trier of fact could have found the essential elements of resisting a peace officer were proved beyond a reasonable doubt. Accordingly, we affirm.

Affirmed.

COCCIA, P.J., and LORENZ, J., concur.